# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MR. KEITH GOODWIN,<br>281 Cheltenham Lane<br>Munroe Falls, OH 44262 | ) ) ) | CASE NO.<br><br>JUDGE |
| and | ) ) | |
| KEITH HEATING AND COOLING, INC.,<br>35 Northwest Avenue<br>Tallmadge, OH 44278 | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) ) | **COMPLAINT FOR MONETARY DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT** |
| v. | ) ) ) | **(JURY DEMAND ENDORSED HEREON)** |
| THE COUNTY OF SUMMIT, OHIO,<br>175 S. High Street, 8th Floor<br>Akron, OH 44308 | ) ) ) ) | |
| and | ) ) | |
| MR. RUSSELL M. PRY,<br>Executive, The County of Summit, Ohio<br>175 S. Main Street, 8th Floor<br>Akron, OH 44308<br>(*In His Official Capacity*), | ) ) ) ) ) ) | |
| and | ) ) | |
| MR. JOHN M. LABRIOLA,<br>Chief Building Official – Summit County, Ohio<br>150 Maplecrest Street SW<br>North Canton, OH 44720<br>(*In His Official Capacity*), | ) ) ) ) ) ) ) | |
| and | ) ) | |
| THE SUMMIT COUNTY, OHIO<br>BUILDING STANDARDS<br>DEPARTMENT<br>1030 E. Tallmadge Avenue<br>Akron, OH 44310, | ) ) ) ) ) | |

and

MS. CYNTHIA M. SICH,
Former Director of the Office of
Consumer Affairs – Summit County,
Ohio
5394 Massillon Road
North Canton, OH 44720
(*In Her Official Capacity*),

and

MR. WILLIAM "BILL" MILLER,
Investigator – Summit County, Ohio
Office of Consumer Affairs
175 S. Main Street, Suite 209
Akron, OH 44308
(*In His Official Capacity*),

and

THE SUMMIT COUNTY, OHIO OFFICE
OF CONSUMER AFFAIRS
175 S. Main Street, Suite 209
Akron, OH 44308,

and

MS. SHERRI BEVAN WALSH,
Summit County, Ohio Prosecutor
53 University Avenue
Akron, OH 44308
(*In Her Official Capacity*),

and

THE OFFICE OF THE SUMMIT
COUNTY, OHIO PROSECUTOR
53 University Avenue
Akron, OH 44308,

   *Defendants.*

2

**INTRODUCTION.**

1.      This is an equal protection, due process and unlawful takings civil rights action arising under 42 U.S.C. § 1983. At all times material herein, the persons sued in their individual capacities acted purposefully, maliciously, and with deliberate indifference to the rights, privileges and protections afforded to the Plaintiffs under Article XIV of the United States Constitution, and Article V of the United States Constitution, as well as in violation of the Consumer Protection Statutes of the State of Ohio, Ohio Rev. Code §§ 1349, *et seq.*, and the Consumer Protection Ordinances of the County of Summit, Ohio, Ordinance Nos. §§ 201, *et. seq.* and 759, *et seq.* The County of Summit, Ohio, in conjunction with its Executive Mr. Russell M. Pry, at all times material herein, formed, established, empowered, budgeted and funded the Office of Consumer Affairs for Summit County, Ohio, the Department of Building Standards for Summit County, Ohio, the Board of Control for Summit County, Ohio and the Summit County, Ohio Prosecutor's Offices. The 42 U.S.C. § 1983 civil rights claims alleged herein by Plaintiffs represent both a facial and "as applied" challenge to the applicable Consumer Affairs Ordinances of the County of Summit, Ohio that were in force and effect at the time they were illegally, and unconstitutionally utilized, implemented, and enforced against Plaintiffs.

**JURISDICTION AND VENUE.**

2.      This Court possesses federal question jurisdiction of this dispute under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, Article V of the United States Constitution, as well as Article XIV of the United States Constitution. The Court also possesses federal question jurisdiction under the federal Declaratory Judgment Act, 28

U.S.C. §§ 2201, *et seq.* The Court possesses proper supplemental jurisdiction over the Ohio-based claims plead in the Complaint under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b)and(c), 28 U.S.C. § 2201(a), and 28 U.S.C. § 1337(a).

## THE PARTIES AND PLAYERS.

3.    Plaintiffs Keith Heating and Cooling, Inc. and Mr. Keith Goodwin restate and reaver the allegations contained in paragraphs 1 through 2 of this, their Complaint.

4.    Mr. Keith Goodwin ("Goodwin") was and is the President of Keith Heating and Cooling, Inc. Mr. Goodwin is, and was at all material times herein, a citizen of the State of Ohio, County of Summit and resident at 281 Cheltenham Lane, Munroe Falls, Ohio.

5.    Keith Heating and Cooling, Inc. ("KH&C") is a commercial and residential heating, ventilation and air conditioning contractor that is headquartered at 35 Northwest Avenue, Tallmadge, Ohio in Summit County, Ohio. KH&C is an Ohio corporation that provides both labor and goods to commercial businesses and residential households that are situated, *inter alia*, in the State of Ohio, County of Summit. KH&C is engaged in interstate commerce.

6.    Mr. Keith Goodwin and KH&C are hereinafter sometimes collectively referred to as "Plaintiffs".

7.    Defendant Summit County, Ohio ("Summit County") is a chartered governmental entity as authorized by Article X of the Ohio Constitution. As a chartered county in the State of Ohio, Summit County operates under "home rule" which, in turn, vests administrative control to the County Executive, and legislative control to the County Council. At all times material herein, Summit County created, funded, and

budgeted the Summit County Prosecutor's Office, the Summit County Department of Building Standards, the Summit County Board of Control and the Summit County Department of Consumer Affairs along with the Summit County Consumer Affairs Board. Summit County, Ohio is subject to the Fifth and Fourteenth amendments to the United States Constitution, as well as 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. §§ 2201, *et seq.*

8.      Russell M. Pry ("Pry") is, and was at all material times herein, the acting and elected Chief Executive Officer of Summit County, Ohio. In Defendant Pry's role as Executive of Summit County, Ohio, Defendant Pry has authority over, and directly or indirectly supervises the Summit County, Ohio Prosecutor's Office, the Summit County Office of Consumer Affairs, the Summit County Consumer Affairs Board, the Summit County Board of Control and the Summit County Department of Building Standards. Defendant Pry is, and was at all material times herein, a member of the Summit County, Ohio Consumer Affairs Board. In his role as the Executive of Summit County, Ohio, Defendant Pry made and makes determinations with respect to the creation and constituency of the Summit County Prosecutor's Office, the funding and budgeting of the Summit County, Ohio Prosecutor's Office, the funding and budgeting of the Summit County Board of Control, the creation and constituency of the Summit County, Ohio Office of Consumer Affairs, the budgeting and funding of the Summit County, Ohio Office of Consumer Affairs, the budgeting and funding of the Summit County, Ohio Consumer Affairs Board, the creation and constituency of the Summit County, Ohio Department of Building Standards, and the funding and budgeting of the Summit

County, Ohio Department of Building Standards. Defendant Pry is a resident of the State of Ohio, County of Summit.

9.      Mr. John Labriola ("Labriola") is the Chief Building Official of the Summit County, Ohio Department of Building Standards. Defendant Labriola is a resident of the State of Ohio, County of Summit. As Chief Building Official for the Summit County, Ohio Department of Building Standards, Defendant Labriola is responsible for, *inter alia*, administering the Ohio Building Code, the Residential Code of Ohio as adopted by the State of Ohio, and Chapter 13 of the Codified Ordinances of Summit County, Ohio. Defendant Labriola directly and indirectly both administers and enforces the Ohio Building Code, the Residential Code of Ohio as adopted by the State of Ohio, and Chapter 13 of the Codified Ordinances of Summit County, Ohio. At all times material herein, Defendant Labriola administered and enforced the Ohio Building Code, the Residential Code of Ohio as adopted by the State of Ohio, and Chapter 13 of the Codified Ordinances of Summit County, Ohio with unfettered, unchecked discretion, particularly with respect to applications for, and enforcement of, permits relating to installations or repairs made on heating, ventilation and air conditioning ("HVAC") units in commercial businesses and residential units located in the State of Ohio, County of Summit. Defendant Labriola's salary and employment benefits are determined by Defendant Executive Pry, and paid by Defendant Summit County, Ohio.

10.      The Summit County, Ohio Department of Building Standards polices, regulates and enforces the construction, repair, demolition, and occupancy of buildings and structures within Summit County, Ohio. The Summit County, Ohio Department of Building Standards reviews, approves, and issues, *inter alia*, HVAC permits required in

6

Summit County, Ohio for new construction, repair, alteration or additions to all public and private buildings and structures. In addition, the Summit County, Ohio Department of Building Standards registers and licenses on an annual basis all building, electrical, plumbing, and construction contractors that operate, and do business within Summit County, Ohio, including, HVAC contractors and businesses. The Summit County, Ohio Department of Building Standards is located in Summit County, Ohio, and receives its funding from, and is budgeted by, Summit County, Ohio.

11.     Defendant Cynthia Sich ("Sich") was, at all material times herein, the Director of Consumer Affairs for the Summit County, Ohio Consumer Affairs Department. Defendant Sich created, organized, and planned for the budgeting of the Office of Consumer Affairs for Summit County, Ohio. Defendant Sich's tasks and duties as Director of the Office of Consumer Affairs Office of Summit County, Ohio included, among other matters, supervising and directing subordinate employees in the Office of Consumer Affairs for Summit County, Ohio including, without limitation, Consumer Affairs Investigator Mr. William Miller. At all material times herein, Defendant Sich's salary and employment benefits were budgeted for, and funded by, Summit County, Ohio. Defendant Sich is a citizen of the State of Ohio, County of Stark. During her tenure as Director of the Office of Consumer Affairs for Summit County, Ohio, Defendant Sich operated with complete, unfettered, unchecked discretion, and was ostensibly "supervised" by the Consumer Affairs Board for Summit County, Ohio which such Board was ostensibly responsible for hiring and reviewing the performance of Defendant Sich. Defendant Sich ostensibly operated under, and was required to comply with Summit County Ordinance Nos. 201.01, Title IX of the Summit County, Ohio

7

Codified Ordinances, and Chapter 759 of the Codified Ordinances of Summit County, Ohio. At all material times herein, Defendant Sich, and those operating under her supervision and authority within the Office of Consumer Affairs for Summit County, Ohio, were responsible for fielding consumer complaints, investigating consumer complaints, and was, by virtue of Summit County Ordinance § 201.07, obligated to attempt to mediate any matter that she or her subordinate employees in the Summit County Office of Consumer Affairs found and determined, upon complaint, to be a prohibited, unfair, deceptive, or unconscionable consumer practice following a finding and determination that "reasonable grounds" existed for such complaints.

12.     Defendant The Office of Consumer Affairs for Summit County, Ohio was, at all material times herein, an operating department under authority of, and supervised by, Summit County, Ohio Executive Russell M. Pry. At all material times herein, the Office of Consumer Affairs for Summit County, Ohio was ostensibly "supervised" by the Consumer Affairs Board of Summit County, Ohio which was during the applicable time periods set forth herein, comprised of Summit County, Ohio Executive Russell M. Pry, Summit County Council President Jerry Feeman, Summit County Prosecutor Ms. Sherri Bevan Walsh and eight other members representing consumer interest groups, business/financial interest groups, and economically disadvantaged interest groups. Both the Office of Consumer Affairs for Summit County, Ohio, and the Consumer Affairs Board for Summit County, Ohio, including its members, were budgeted by, and funded by Summit County, Ohio. The Office of Consumer Affairs for Summit County, Ohio is located in the State of Ohio, County of Summit.

8

13.     Defendant Ms. Sherri Bevan Walsh ("Walsh" or "the Chief Prosecutor"), at all material times herein, was and is the Chief elected Prosecutor for the County of Summit, State of Ohio. Defendant Walsh's salary and employment benefits are paid for, funded, and budget by Summit County, Ohio. Defendant Walsh, at all material times herein, was a member of the Consumer Affairs Board for Summit County, Ohio. Among the tasks and duties of Defendant Walsh as the Chief Prosecutor for Summit County, Ohio was supervision of the Civil Division of the Summit County Prosecutor's Office, including all staff and attorneys employed in the Civil Division of the Summit County, Ohio Prosecutor's Office, or those acting on authority of the Summit County, Ohio, Prosecutor's Office.

14.     The Summit County, Ohio Prosecutor's Office is created, staffed, budgeted, and funded by Summit County, Ohio. At all material times herein, the Summit County, Ohio Prosecutor's Office was, *inter alia*, responsible for, upon request, overseeing and enforcing the Consumer Affairs Codified Ordinances of Summit County, Ohio, including Chapter 201 of Title IX of the Codified Ordinances of Summit County, Ohio, and Chapter 759 of the Codified Ordinances of Summit County, Ohio.

15.     The above-named Defendants are sometimes hereinafter collectively referred to as "Defendants".

16.     The Summit County Board of Control is funded and budgeted by Executive Russ Pry and The County of Summit. The Summit County Board of Control is responsible for considering and approving bids to do business with Summit County, Ohio, and direct or indirectly, in conjunction with the Summit County, Ohio Council,

makes decisions or recommendations to debar businesses, including HVAC contractors, from doing business with the County of Summit, Ohio.

17.    The Summit County Contractor Registration Board is funded and budgeted by Executive Russ Pry and The County of Summit. The Summit County Contractor Registration Boards hears and decides complaints made against businesses operating in and throughout Summit County, Ohio. The Summit County Contractor Registration Board is vested with the authority to revoke a registered contractor's license to do business in Summit County, Ohio including HVAC contractor licenses.

## SUMMIT COUNTY ORDINANCE NOS. 201 AND 759.

18.    Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 17 of this, their Complaint.

19.    The Consumer Affairs Ordinance of Summit County, Ohio, Title IX, Chapter 201.01, *et seq.*, and Codified Ordinance Chapter 759, at all material times herein, were and are the ordinances available and applied in Summit County, Ohio against any "persons", including Plaintiffs, that engaged in and engage in "consumer transactions", including the sale or transfer of any item or goods or services to an individual. During the material times herein, Title IX, Chapter 201 of the Summit County, Ohio Codified Ordinances vested and vests complete unfettered, unchecked discretion in the designated Director of the Office of Consumer Affairs, including former Director and Defendant Sich, to unilaterally determine whether any "persons" subject to the consumer protection ordinances did or did not engage in "unconscionable consumer sales practices" as defined by the ordinances, or did or did not engage in "unfair or deceptive consumer sales practices" as defined by the ordinances. This exclusive,

10

unchecked, unfettered discretion was vested in the Director of the Office of Consumer Affairs for Summit County, Ohio, including Defendant Sich, without so much as giving notice, or an opportunity to respond, against any "person" subject to the Codified Ordinances of Summit County, Ohio and against whom a consumer complaint had been filed.

20.     Title IX, Chapter 201 of the Codified Ordinances of Summit County, Ohio, and Codified Ordinance Chapter 759 also vested and vests in the Director of the Office of Consumer Affairs, including former Director and Defendant Sich, the complete unfettered, unchecked discretion to refer for prosecution any complaint filed by any consumer against any "person" under the Summit County, Ohio Codified Ordinances to the Ohio Attorney General's Office, without so much as giving notice or an opportunity to respond by any "person" against whom a consumer complaint had been made, under Ohio Rev. Code §§ 1345, *et seq.* In addition to monetary penalties imposed against "persons" merely charged with having engaged in alleged unfair or deceptive consumer acts or practices, Ohio Rev. Code § 1345.02 authorizes the Ohio Attorney General to initiate criminal proceedings for prosecution against any "person" against whom a consumer complaint has been made, with such criminal prosecution to be carried out either by the Ohio Attorney General, or the Summit County, Ohio Prosecutor's Office, including its Chief Prosecutor, Defendant Walsh. Such a criminal prosecution occurs, and would occur, based on nothing more than the complete unchecked, unfettered discretion exercised by the Director of the Office of Consumer Affairs for Summit County, Ohio, including former Director and Defendant Sich, and without so much as providing the "person" charged with any notice of any complaint made against such

11

"person", and without such "person" being provided an opportunity to respond to any such purported consumer complaint.

21.    In or about May 2012, the Summit County, Ohio Office of Consumer Affairs and its then-Director and Defendant Sich, exercised Director Sich's complete unchecked, unfettered discretion to unilaterally determine that Plaintiffs KH&C and Mr. Keith Goodwin had engaged in "unconscionable consumer sales practices" and "unfair and deceptive consumer sales practices", and Defendant Sich additionally exercised her complete unchecked, unfettered unilateral discretion to refer her assessment and determination against Plaintiffs KH&C and Plaintiff Keith Goodwin to the Summit County, Ohio Prosecutor's Office, and its Chief Prosecutor, Defendant Walsh. All of the above-described actions in paragraphs 18 through 21 were taken, commenced, and pursued without so much as providing KH&C, or Mr. Keith Goodwin, notice of any consumer complaints filed against them, and without providing KH&C or Plaintiff Keith Goodwin any opportunity to respond to any such consumer complaints.

22.    Since the origination of the Summit County, Ohio Consumer Affairs protection laws and ordinances, and the creation of the Summit County, Ohio Consumer Affairs Office, no other "person" has unilaterally, by edict and determination of the Director of the Office of Consumer Affairs, including former Director and Defendant Sich, been found and decreed to have violated any consumer protection ordinances of the County of Summit, Ohio as set forth in Chapter 759 of the Codified Ordinance of Summit County, Ohio without so much as any notice of any consumer complaints made against such "person", or without so much as an opportunity to respond to any such purported consumer complaints, other than Plaintiffs KH&C and Plaintiff Keith Goodwin.

23.     By virtue of the above-described Summit County, Ohio Ordinances, and as integrated with and through Ohio Rev. Code §§ 1345, *et seq.*, Summit County Ordinance 2004-455, Chapter 759 of the Codified Ordinances of Summit County, Ohio, Title IX, Chapter 201 of the Codified Ordinances of Summit County, Ohio, and Ohio Rev. Code §§ 1345, *et seq.* are unconstitutional in that they facially violate both the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs have suffered substantial harm and damages and continue to suffer harm and significant damages as a result of the actions described in paragraphs 1 through 23 of Plaintiffs' Complaint.

**THE SUMMIT COUNTY CONSUMER PROTECTION ORDINANCES AS APPLIED.**

24.     Plaintiffs restate and reaver the facts and allegations contained in paragraphs 1 through 23 of this, their Complaint.

25.     The Consumer Affairs Board of Summit County, Ohio is, pursuant to the Codified Ordinances of Summit County, Ohio, charged with the responsibility of supervising the Director of the Office of Consumer Affairs for Summit County, Ohio, including former Director and Defendant Sich. Such supervision theoretically includes overseeing and guaranteeing that the Director of the Office of Consumer Affairs carries out his/her tasks and duties in accordance with, and compliant with Chapter 759 of the Codified Ordinances of Summit County, Ohio and Title IX, Chapter 201 of the Codified Ordinances of Summit County, Ohio. In addition, the Summit County, Ohio Consumer Affairs Board is charged with the duty and responsibility under the Codified Ordinances of Summit County, Ohio to assist the Director of Consumer Affairs, including former Director and Defendant Sich, in mediating and amicably resolving complaints filed with the Consumer Affairs Office of Summit County, Ohio.

13

26.     Under Title IX, Chapter 201 of the Codified Ordinances of Summit County, Ohio, the Director of the Office of Consumer Affairs, after exercising his/her complete unchecked, unfettered discretion to determine whether any "person" has committed an unfair, deceptive, or unconscionable consumer sales practice "…*must* attempt to mediate the matter with all interested parties and any representatives the parties choose to assist them".

27.     However, in practice, and as applied and practiced against Plaintiffs KH&C and Plaintiff Keith Goodwin, the Summit County Office of Consumer Affairs, and its then-Director, Defendant Sich, along with Defendant Miller, scrapped and altogether ignored the Summit County Consumer Affairs Board, and scrapped and altogether ignored the Ordinances' requirement that the Summit County, Ohio Office of Consumer Affairs "…*must* attempt to mediate the matter with all interested parties and any representatives the parties choose to assist them" when the Summit County Office of Consumer Affairs, its then-Director and Defendant Sich, and Defendant Miller: (1) unilaterally determined, without notice of any consumer complaints to KH&C or Plaintiff Keith Goodwin, and without any opportunity to respond by KH&C or Plaintiff Keith Goodwin, that KH&C and/or Plaintiff Keith Goodwin had violated Summit County, Ohio Consumer Protection Ordinances, including Chapter 759 of the Codified Ordinances of Summit County, Ohio, by having committed and engaged in alleged unconscionable, unfair, or deceptive consumer sales practices; (2) unilaterally exercised their complete unchecked, unfettered discretion, when the Summit County Office of Consumer Affairs, then-Director and Defendant Sich, and Defendant Miller, "investigated" purported complaints against Plaintiffs KH&C and Plaintiff Keith Goodwin without providing KH&C

or Goodwin any notice of any of the complaints, and without providing Plaintiffs KH&C or Goodwin any opportunity to respond to any purported consumer complaints made against them; (3) exercised their complete unchecked, unfettered discretion to refer their "investigation" to the Summit County, Ohio Prosecutor's Office and its Chief Prosecutor, Defendant Walsh, without affording KH&C or Plaintiff Keith Goodwin notice of any consumer complaints filed against KH&C or Goodwin, and without any opportunity to respond to any such alleged consumer complaints; and (4) The Office of Consumer Affairs, its then-Director and Defendant Sich, Defendant Miller, Defendant Summit County, Ohio, Defendant Walsh and Defendant the Summit County, Ohio Prosecutor's Office, on October 24, 2012, commenced suit against KH&C and Plaintiff Keith Goodwin, including the imposition of penalties, injunctive relief, freezing of all assets of KH&C and Plaintiff Keith Goodwin, the appointment of a "receiver" over KH&C and Plaintiff Keith Goodwin, the imposition of civil monetary penalties, the imposition of compensatory and punitive damages, court-ordered refund of monies received by KH&C and/or Plaintiff Goodwin, restitution to alleged complaining consumers, disgorgement of monies received by, and profits earned by KH&C and Plaintiff Keith Goodwin and additional, unspecified relief, and by exposing KH&C and Goodwin to debarment by the Summit County Board of Control, and further by exposing KH&C and Goodwin to debarment by the Summit County Contractor Registration Board, without so much as providing KH&C or Plaintiff Keith Goodwin, with any notice of any consumer complaints, and without providing KH&C or Plaintiff Keith Goodwin any opportunity to respond to any such alleged consumer complaints.

**THE ABSENCE OF A PROMPT, EFFECTIVE NAME CLEARING HEARING.**

28.     Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 27 of this, their Complaint.

29.     It is the unannounced policy and practice of the Summit County, Ohio Office of Consumer Affairs, then-Director and Defendant Sich, Defendant Miller, the Summit County Ohio Prosecutor's Office, and Defendant Walsh to "not comment" on pending investigations, including investigations related to Consumer Affairs practices or complaints, and to "not comment" upon pending civil litigation matters, including civil suits commenced ostensibly to enforce the Consumer Affairs Ordinances of Summit County, Ohio.

30.     The Akron Beacon Journal is a print and on-line newspaper based in Summit County, Ohio. The Akron Beacon Journal is published by Black Press, Ltd., and is owned and operated by a Canadian conglomerate. The Akron Beacon Journal boasts a subscription rate of 125,000 print subscribers. The Akron Beacon Journal is the primary print and on-line newspaper for Summit County, Ohio residents, as well as for persons residing in counties contiguous to Summit County, Ohio.

31.     One of the Akron Beacon Journal's staff writers who purports to be an "investigative" journalist is Mr. Bob Dyer ("Dyer").

32.     On December 26, 2011, Bob Dyer of the Akron Beacon Journal published an article for distribution in both print and on-line media entitled: "Keith Heating & Cooling Troubles Growing". Dyer's article reported, among other things, both KH&C and Plaintiff Keith Goodwin had engaged in unconscionable consumer sales practices and

16

unfair and deceptive consumer sales practices. Much of the information provided to reporter Dyer of the Akron Beacon Journal was sent to Dyer by the then-Summit County Director of the Office of Consumer Affairs, Defendant Sich. Additionally, Defendant Sich informed Dyer that there were several complaints made by consumers against Plaintiffs KH&C and Mr. Keith Goodwin, even though the Summit County, Ohio Office of Consumer Affairs, its then-Director and Defendant Sich, and Defendant Miller had not notified either KH&C or Plaintiff Keith Goodwin of the content of any consumer complaints allegedly made against KH&C and/or Keith Goodwin, nor had they provided KH&C or Plaintiff Keith Goodwin an opportunity to respond to any alleged consumer complaints.

33.    Additionally, then-Director of the Office of Consumer Affairs for Summit County, Ohio, Defendant Sich, through the Dyer Beacon Journal article published on December 26, 2011, fomented the filing of unfounded, unsubstantiated, meritless consumer complaints against Plaintiff KH&C and Plaintiff Keith Goodwin by openly and actively encouraging consumers to lodge complaints against Plaintiff KH&C and/or Plaintiff Mr. Keith Goodwin, providing in the Dyer Beacon Journal article both a phone number and email address for purposes of filing such unfounded, unsubstantiated, meritless consumer complaints.

34.    On February 16, 2012, Bob Dyer of the Akron Beacon Journal published another article on KH&C and Plaintiff Keith Goodwin entitled: "Investigation of Keith Heating Moving Forward". In that print and on-line published article, Summit County Office of Consumer Affairs Investigator and Defendant Bill Miller reported to Dyer that 46 written complaints had purportedly been received by the Summit County Office of

Consumer Affairs about KH&C and/or Goodwin, and that the Summit County Office of Consumer Affairs was purportedly receiving "a couple more [consumer complaints] every couple of days". The number of written complaints disclosed to Bob Dyer, and reported in Dyer's Akron Beacon Journal article had substantially increased after then-Director and Defendant Sich had violated the Summit County Office of Consumer Affairs' and Summit County Prosecutor's Offices' "no comment" policy with respect to on-going investigations of "persons" against whom consumer complaints had been made. The purpose of the "no comment" policy of the Summit County Office of Consumer Affairs and the Summit County Prosecutor's Office is to not prompt and not foment unfounded, unsubstantiated, meritless Consumer Affairs complaints to the Summit County Office of Consumer Affairs.

35.     In the February 16, 2012 Bob Dyer article published in both print and on-line by the Akron Beacon Journal, Defendant Miller again fomented, and encouraged "anyone with a complaint about Keith Heating" to contact him at a telephone number and email address that was published in Akron Beacon Journal's article of February 16, 2012. At the point in time that Defendant Miller provided his information to Akron Beacon Journal staff writer Bob Dyer, and at the point in time that Akron Beacon Journal staff writer Bob Dyer published his article: "Investigation of Keith Heating Moving Forward", neither the Summit County, Ohio Office of Consumer Affairs, its then-Director and Defendant Sich, or its Investigator Defendant Bill Miller had provided either KH&C or Plaintiff Keith Goodwin with any consumer complaints, nor had the Summit County Office of Consumer Affairs, Defendant Sich, or Defendant Miller provided KH&C

18

or Plaintiff Keith Goodwin with any opportunity to respond to any consumer complaints allegedly received by the Summit County, Ohio Office of Consumer Affairs.

36.     On March 3, 2012, staff writer Bob Dyer of the Akron Beacon Journal authored and published yet another article in both print and on-line media, entitled: "Keith Heating Allegedly Boasted About Profits". In the March 3, 2012 published article by Bob Dyer of the Akron Beacon Journal, unidentified persons and agents of the Summit County, Ohio Prosecutor's Office informed Dyer that they were investigating KH&C and Goodwin, and had already subpoenaed documents and information from KH&C and Goodwin. Moreover, unidentified persons and agents of the Office of Consumer Affairs for Summit County, Ohio informed Akron Beacon Journal staff writer Bob Dyer that KH&C and/or Goodwin was purportedly "under scrutiny for charging an illegal 'transaction fee'" to consumers who cancelled purchasing contracts within the three day "'buyers' right to cancel'" period and for allegedly leading consumers to believe they needed new furnaces when they did not, even though any and all issues relating to alleged consumer protection Ordinances of Summit County, Ohio in relation to a consumer's "buyer's right to cancel", and any and all issues relating to a purported "transaction fee" had already been effectively and completely mediated and resolved to the mutual satisfaction of KH&C, Plaintiff Keith Goodwin and Defendants The Summit County, Ohio Office of Consumer Affairs, Defendant Sich, and Defendant Miller. The above-information provided by unidentified individuals and agents in the Summit County Office of Consumer Affairs appeared in Bob Dyer's March 3, 2012 published article: "Keith Heating Allegedly Boasted About Profits".

19

37.     Additionally, rather than adhering to the policy and practice of the Summit County, Ohio Office of Consumer Affairs' and Summit County, Ohio Prosecutor's Offices' "no comment" policy and practice with respect to pending investigations, Defendant Miller fomented, and openly and actively encouraged readers of Dyer's Akron Beacon Journal article to lodge unfounded, unsubstantiated, and meritless complaints against KH&C and Plaintiff Keith Goodwin, and within the text of Dyer's March 3, 2012 published article, Defendant Miller provided his direct telephone number and email address in order to encourage readers of the article to file unfounded, unsubstantiated, meritless complaints against KH&C and Plaintiff Keith Goodwin. At the point in time that unidentified individuals and agents in the Summit County, Ohio Office of Consumer Affairs provided their information to Bob Dyer of the Akron Beacon Journal for publication in his March 3, 2012 article, and at the point in time Defendant Miller openly solicited and fomented the filing of unfounded, unsubstantiated, and meritless consumer complaints against KH&C and Plaintiff Keith Goodwin, the Summit County Office of Consumer Affairs had not provided either KH&C or Plaintiff Keith Goodwin with any consumer complaints purportedly filed against KH&C or Plaintiff Keith Goodwin, and further had not provided either KH&C or Plaintiff Keith Goodwin with any opportunity to respond to any alleged, filed consumer complaints with the Summit County, Ohio Office of Consumer Affairs.

38.     The communications, comments, solicitation of additional unfounded, unsubstantiated, and meritless consumer complaints, and fomenting of unfounded, unsubstantiated, and meritless consumer complaints against KH&C and Plaintiff Keith Goodwin by the Summit County, Ohio Office of Consumer Affairs, Defendant Sich, and

20

Defendant Miller, without so much as having provided KH&C or Plaintiff Keith Goodwin any notice of any consumer complaints, or any opportunity to respond to any such purported consumer complaints, directly caused and resulted in a substantial, immediate reduction in satisfaction ratings of KH&C by the Better Business Bureau. A substantial number of consumers, and potential consumers, use and contact the Better Business Bureau prior to purchasing goods or services, and research and view the Better Business Bureau's ratings of entities and businesses. Furthermore, the filing of the above described unfounded, unsubstantiated, and meritless complaints exposed KH&C and Goodwin to revocation of their business licenses by the Summit County Registration Board, and further exposed KH&C and Goodwin to debarment by the Summit County, Ohio Board of Control.

39.     Notwithstanding Summit County, Ohio's, the Summit County, Ohio Office of Consumer Affairs', and Summit County, Ohio Prosecutor's Offices' repeated violation and violations of their "no comment" policy with respect to Consumer Affairs complaints and pending civil matters, and notwithstanding the conscious, purposeful and indifferent decisions by the Summit County, Ohio Office of Consumer Affairs, its then-Director and Defendant Sich, and Defendant Miller not to provide either KH&C or Plaintiff Keith Goodwin with any consumer complaints, or any opportunity to respond to any purported consumer complaints, Defendants undertook the actions set forth in paragraphs 28 through 38. And, in spite of taking the actions set forth in paragraphs 28 through 38, no prompt, effective name clearing hearing was ever offered, or provided to either KH&C or Plaintiff Keith Goodwin.

40.     As a result of the actions described and set forth in paragraphs 1 through 39 above, KH&C and Plaintiff Keith Goodwin have been substantially damaged and economically harmed, and the Office of Consumer Affairs, its then-Director and Defendant Sich, and Defendant Miller together with the Summit County, Ohio Prosecutor's Office have publically stigmatized both KH&C and Plaintiff Keith Goodwin without providing either KH&C or Plaintiff Keith Goodwin with notice of any consumer complaints filed against them, and without providing any opportunity to respond to any alleged consumer complaints filed against either KH&C or Plaintiff Keith Goodwin. Furthermore, it would not be, and would not have been, burdensome for Defendants to have provided KH&C and/or Plaintiff Keith Goodwin with a prompt, effective name-clearing hearing as in other Consumer Affairs' protection matters governed by the Codified Ordinances of Summit County, Ohio there exists such a prompt, effective name-clearing hearing.

**THE SUMMIT COUNTY, OHIO DEPARTMENT OF BUILDING STANDARDS.**

41.     Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 40 of this, their Complaint.

42.     KH&C is a non-union business and contractor operating, *inter alia*, in Summit County, Ohio.

43.     As Chief Building Official for the Department of Building Standards for Summit County, Ohio, Defendant Labriola exercised and exercises complete unchecked, unfettered discretion including, without limitation, the unilateral authority to waive or otherwise excuse the permitting process for electrical contractors, HVAC

contractors, building contractors, plumbing contractors and other covered trades operating in, and performing services in Summit County, Ohio.

44.    In addition, Defendant Labriola exercises and exercised complete unchecked, unfettered discretion to unilaterally not fine, and not penalize HVAC contractors, electrical contractors, building contractors, and/or plumbing contractors for not having obtained permits when required, for not remitting the requisite permit fee when required, and for not following up with the Department of Building Standards once work requiring the issuance of a permit was completed so that it could be inspected by Defendant Labriola or other agents and servants of the Summit County, Ohio Department of Building Standards.

45.    Defendant Labriola's exercise of his complete unchecked, unfettered discretion as set forth in paragraphs 41 through 44 above was well-known to businesses and contractors doing business in Summit County, Ohio. Yet, in a December 14, 2011 article published in the Akron Beacon Journal by staff writer Bob Dyer entitled: "Summit County Seeks Records from Heating Contractor; Work Stoppage Threatened", Defendant Labriola informed Dyer, which such information appeared in Dyer's published article, that Defendant Labriola would be turning over to the Summit County, Ohio Prosecutor's Office for prosecution and immediate injunctive relief, the purported failure of KH&C and Plaintiff Keith Goodwin to obtain HVAC repair and install permits, and to remit the requisite permit fees, even though Defendant Labriola informed and instructed Plaintiff Keith Goodwin that Goodwin and KH&C would be treated similar to the way Defendant Labriola had treated other Summit County businesses and contractors who failed to pay or remit the applicable permit fee, or to

23

even obtain a permit, to wit: Just retroactively remit the requisite permit fees to the Department of Building Standards for Summit County, Ohio.

46.    The complete unchecked, unfettered authority granted to and exercised by Defendant Labriola in a malicious and improper manner allowed Defendant Labriola and Defendant The Department of Building Standards of Summit County, Ohio to act and function in a Constitutional discriminatory fashion. As example, servants and agents of the Summit County, Ohio Department of Building Standards moonlighted as HVAC contractors, without requesting install permits, without remitting permit fees when required, and without following up with Defendant Labriola or anyone from the Summit County, Ohio Building Standards Department so that their work could be inspected and approved. Additionally, unionized HVAC contractors other than non-union KH&C and Plaintiff Keith Goodwin, have installed and continue to install HVAC components without requesting install permits; without remitting permit fees; and without following up with Defendant Labriola or anyone within the Summit County, Ohio Office of Consumer Affairs so that their work can be inspected and approved. Yet, none of these employees of the Summit County Department of Building Standards, and none of the non-union HVAC contractors have had their actions referred for prosecution to the Summit County, Ohio Prosecutor's Office or Defendant Walsh, and none of the above-described persons/entities have had suit commenced against them by Defendant Summit County, Ohio, the Summit County, Ohio Prosecutor's Office, Defendant Walsh, or Defendant The Summit County Building Standards Department.

47.     As a result of Defendants actions set forth in paragraphs 1 through 46 above, Plaintiffs have been significantly, monetarily harmed, and their rights to due process of law, and equal protection of the laws, have been violated and abridged.

## UNLAWFUL TAKING

48.     Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 47 of this their Complaint.

49.     The Fifth Amendment to the United States Constitution and Fourteenth Amendment to the United States Constitution prohibit the taking of private property, including one's business and livelihood, without just compensation. These rights and privileges include the denial of economically beneficial or productive use of property.

50.     By and through the actions set forth in paragraphs 1 through 49 of this Complaint, Defendants destroyed the business of KH&C and eliminated the livelihood of Plaintiff Goodwin, without any concomitant compensation. Furthermore, there does not exist any effective state law procedures to provide KH&C or Goodwin such just compensation, or the restoration of the business of KH&C and the livelihood of Plaintiff Goodwin.

51.     As a result of Defendants actions as set forth in paragraphs 1 through 50 above, Plaintiffs have been significantly and monetarily harmed, and their right to just compensation have been violated and denied.

## CIVIL ABUSE OF PROCESS.

52.     Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 51 of this, their Complaint.

53.     On October 24, 2012, Defendant Summit County, Ohio, through Defendant the Summit County, Ohio Prosecutor's Office, and Defendant Walsh, brought suit against KH&C and Plaintiff Keith Goodwin alleging, *inter alia*, multiple violations of the consumer protection ordinances of Summit County, Ohio, and the Summit County Building Code, seeking preliminary injunctive relief; court-ordered freezing of KH&C's and Plaintiff Keith Goodwin's assets; the appointment of a receiver over KH&C and Plaintiff Keith Goodwin; permanent injunctive relief against KH&C and Plaintiff Keith Goodwin; civil penalties against both KH&C and Keith Goodwin; refund and remittance of monies obtained by KH&C and Plaintiff Keith Goodwin for goods and services provided; disgorgement of "ill-gotten gains" by KH&C and Plaintiff Keith Goodwin; compensatory; and punitive damages, in addition to "…additional equitable relief as the Court may determine to be just and proper".

54.     The suit brought and commenced by Defendant Summit County, Ohio was brought and instituted in contravention of Articles V and XIV of the United States Constitution, and the Equal Protection, Due Process and Takings clauses of the United States Constitution, and constituted and continues to constitute an improper and malicious misuse of the legal process to punish, and make a public example of KH&C and Plaintiff Keith Goodwin to the exclusion of other similarly and identically situated contractors who did and who do business in Summit County, Ohio.

55.     The October 24, 2012 commencement of suit by Defendant Summit County, Ohio against KH&C and Plaintiff Keith Goodwin occurred without providing either KH&C or Plaintiff Keith Goodwin notice of any consumer complaints filed against either KH&C or Plaintiff Keith Goodwin; without providing either KH&C or Plaintiff Keith

Goodwin an opportunity to respond to any purported consumer complaints filed against either KH&C or Plaintiff Keith Goodwin; without providing either KH&C or Plaintiff Keith Goodwin with a pre-suit or post-suit, prompt and effective name-clearing hearing; without applying, in an equal and like fashion, to both unionized and non-union contractors doing business in Summit County, Ohio, permitting fee requirements, permitting application requirements, and post-performance of work inspections pursuant to the permitting process in Summit County, Ohio, and without providing either KH&C or Plaintiff Goodwin just compensation.

56.     As a result of the actions described in paragraphs 1 through 55 above, Plaintiffs have been significantly, monetarily harmed, and are entitled to the recovery of both compensatory, "just compensation" and punitive damages against Defendants.

**<u>VINDICTIVE ENFORCEMENT AND VINDICTIVE PROSECUTION.</u>**

57.     Plaintiffs restate and reaver the facts and allegations set forth in paragraphs 1 through 56 of this, their Complaint.

58.     At all times material herein, Plaintiffs KH&C and Mr. Keith Goodwin exercised, and attempted to exercise their constitutionally protected rights to engage in business in Summit County, Ohio with the rights, privileges and protections afforded by the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Equal Protection, Due Process, and Takings clauses of the United States Constitution. Defendant the Summit County, Ohio Prosecutor's Office, and Defendant Walsh have a stake and interest in seeing that businesses and contractors such as KH&C and Plaintiff Keith Goodwin are able to conduct business in Summit County, Ohio with the protections afforded by the Fifth and Fourteenth Amendments of the United States

Constitution, as well as the Equal Protection, Due Process, and Takings clauses of the United States Constitution.

59.     Defendant Summit County, Ohio's institution and pursuit of suit against KH&C and Plaintiff Keith Goodwin on October 24, 2012, including the allegations set forth therein, and the relief sought therein, as brought by and through Defendant the Summit County Prosecutor's Office and Defendant Walsh, was commenced and is being pursued with the intent to punish and maliciously and intentionally harm KH&C and Plaintiff Keith Goodwin, and was commenced, and is being pursued in reckless and callous indifference to the rights and privileges of KH&C and Plaintiff Keith Goodwin.

60.     As a result of the actions set forth in paragraphs 1 through 59 above, KH&C and Plaintiff Keith Goodwin have been significantly, monetarily harmed, and are entitled to compensatory and punitive damages against Defendants.

WHEREFORE, Plaintiffs KH&C and Mr. Keith Goodwin pray for, and request:

1.     That the Court declare the Codified Ordinances of Summit County, Ohio, Title 9, Chapter 201 and Chapter 759, that were in existence prior to October 24, 2012, to be facially unconstitutional, and enjoined by order of this Court;

2.     That the Court declare the Codified Ordinances of Summit County, Ohio, Title 9, Chapter 201 and Chapter 759, that were in existence prior to October 24, 2012, to be unconstitutional, as applied to KH&C and Plaintiff Keith Goodwin, and enjoined by order of this Court;

3.     That the actions and conduct by the Summit County, Ohio Department of Building Standards, as applied against KH&C and Plaintiff Keith Goodwin, be declared

to be violative of the Equal Protection rights afforded in the United States Constitution to Plaintiff Keith Goodwin and KH&C, and enjoined by order of this Court;

4.      That as a result of Defendants' unlawful and illegal conduct and actions, that KH&C and Plaintiff Keith Goodwin be awarded compensatory and "just compensation" damages in excess of $35,000,000.00 and punitive damages as determined by a jury;

5.      That Defendant Summit County, Ohio be permanently enjoined from continuing the pursuit of its October 24, 2012 civil suit against KH&C and Plaintiff Keith Goodwin;

6.      For recovery of all costs, expenses, and attorneys' fees incurred by KH&C and Plaintiff Keith Goodwin in defense of the October 24, 2012 civil action commenced and being pursued by Defendant Summit County, Ohio, and for the recovery of such additional costs, expenses, and attorneys fees incurred by KH&C and Plaintiff Keith Goodwin in pursuit of this suit, and in pursuit of the protections of their Constitutional rights as authorized by 42 U.S.C. §§ 1983, 1988;

7.      For such additional and further relief as this Court finds to be appropriate, equitable, and just;

8.      Plaintiffs request a trial by jury of all claims, allegations, and requests for damages, costs, and fees as set forth above.

Respectfully submitted,


s/Keith L. Pryatel
Keith L. Pryatel (#0034532)
kpryatel@kwwlaborlaw.com
Jaime U. Kolligian (#0082083)
jkolligian@kwwlaborlaw.com
KASTNER WESTMAN & WILKINS, LLC
3480 West Market Street, Suite 300
Akron, OH 44333
Phone: (330) 867-9998
Fax: (330) 867-3786

*Attorneys for Plaintiffs*
*Mr. Keith Goodwin and*
*Keith Heating and Cooling, Inc.*