**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KEITH GOODWIN, *et al.*, | CASE NO.    5:14-CV-00121-SL |
| Plaintiff, | JUDGE LIOI |
| vs. | **DEFENDANTS' MOTION TO** |
| | **DISMISS COMPLAINT AND FOR A** |
| THE COUNTY OF SUMMIT, *et al.*, | **JUDGMENT ON THE PLEADINGS** |
| | **OR, IN ALTERNATIVE, TO STAY** |
| Defendants. | **ALL PROCEEDINGS** |

Pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure, Defendants County of Summit, the Summit County Prosecutor's Office, the Summit County Office of Consumer Affairs, the Summit County Division of Building Standards, Russell M. Pry, Sherri Bevan Walsh, John M. Labriola, Cynthia M. Sich, and William Miller ("Defendants"), hereby move to dismiss this case in its entirety and/or for a judgment on the pleadings based upon *Younger* abstention, lack of ripeness, lack of jurisdiction, and for failure to state a claim.  In the alternative, based upon the *Younger* and *Colorado River* abstention doctrines, Defendants move to stay all proceedings until the final resolution of a pending state court, civil enforcement action filed against Plaintiffs by Summit County, *County of Summit v. Keith Heating & Cooling, Inc. and Keith Goodwin*, Case No. CV-2012-10-5959 (Summit Cty. Ct. of Comm. Pleas).

A Memorandum in Support of this Motion is attached hereto for the Court's reference.

Respectfully submitted,

Linda Murphy (0053402)
County of Summit Executive's Office
175 S. Main Street, 8th Floor
Akron, Ohio 44308
Telephone:  (330) 643-7794
Facsimile:   (330) 643-8718
lmurphy@summitoh.net

/s/  Stephen W. Funk
Stephen W. Funk (0058506)
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
(330) 376-2700 (telephone)
(330) 376-4577 (facsimile)
sfunk@ralaw.com

*Attorneys for All Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................iii

SUMMARY OF ARGUMENT ..............................................................................................1

STATEMENT OF THE ISSUES .........................................................................................2

STATEMENT OF FACTS .....................................................................................................3

      A.     Summit County's Civil Enforcement Action in State Court.....................................3

      B.     Plaintiffs' Federal Court Complaint ........................................................................6

STANDARD OF REVIEW .....................................................................................................7

      A.     Standard of Review for Motions to Dismiss For Lack of Ripeness Under Rule 12(b)(1) ..............................................................................................7

      B.     Standard of Review for Motions to Dismiss Rule 12(b)(6) and 12(c) ....................8

LAW AND ARGUMENT .......................................................................................................9

I.     THE COURT SHOULD CONCLUDE THAT SUMMIT COUNTY IS THE SOLE DEFENDANT IN THIS CASE. .....................................................9

      A.     All Claims Against the County Prosecutor's Office, the Office of Consumer Affairs, and the Building Standards Department Should Be Dismissed Because They Are Not *Sui Juris* And Cannot Be Sued Under 42 U.S.C. 1983. ..............................................................................................9

      B.     The Claims Alleged Against Russell M. Pry, Sherri Bevan Walsh, John M. Labriola, Cynthia M. Sich, and William "Bill" Miller Should Be Treated As Claims Against Summit County Because They Each Have Been Sued In Their Official Capacity Only. ...............................................10

II.    THE COURT SHOULD CONCLUDE THAT *YOUNGER* ABSTENTION APPLIES FULLY TO THIS CASE.......................................................................11

      A.     The State Court Proceeding Filed by Summit County Against Plaintiffs Is A "Civil Enforcement Action" Within The Meaning Of *Younger* Abstention..............................................................................................11

            1.     The State Court Civil Enforcement Action Is Pending.............................13

        2       The State Court Civil Enforcement Action Implicates Important State Interests. ................................................................ 13

        3.     The State Court Civil Enforcement Action Provides An Adequate Opportunity To Raise Federal Constitutional Challenges. ............................................................................... 14

   B.      The Proper Remedy In This Case Is Dismissal, Not A Stay. ................................. 15

III.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE NOT RIPE FOR ADJUDICATION. ........................................................ 15

IV.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............... 18

   A.      Plaintiffs' Procedural Due Process Claims Should Be Dismissed For Failure to State A Claim. .................................................... 18

   B.      Plaintiffs' Substantive Due Process Claim Should Be Dismissed For Failure to State a Claim. .................................................... 21

   C.      Plaintiffs' Equal Protection Claim Should Be Dismissed For Failure to State a Claim. .......................................................... 22

   D.      Plaintiffs' "Civil Abuse of Process" Claim Should Be Dismissed For Failure To State A Claim. .................................................. 24

   E.      Plaintiffs' "Vindictive Enforcement and Vindictive Prosecution" Claim Should Be Dismissed For Failure To State A Claim. ................................. 26

V.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION BASED UPON THE DOCTRINE OF *COLORADO RIVER* ABSTENTION. ................. 27

CONCLUSION ............................................................................................... 29

CERTIFICATE OF COMPLIANCE ............................................................... 30

CERTIFICATE OF SERVICE ........................................................................ 30

# TABLE OF AUTHORITIES

**Page**

**Cases**

*All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10-CV-2343, 2011 WL 867020,
(N.D. Ohio Mar. 11, 2011) ............................................................................. 25, 26

*American Consumer Publishing Ass'n, Inc. v. Margosian*, 349 F.3d 1122 (9th Cir. 2003) ...........13

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ..............................8

*Baar v. Jefferson Cty. Bd. of Education*, 311 Fed.Appx. 817 (6th Cir. 2009).................................20

*Banks v. City of Whitehall*, 344 F.3d 550 (6th Cir. 2003) ........................................................ 22, 23

*Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426 (6th Cir. 2008)....................................9

*Bates v. Van Buren Twp.*, 122 Fed.Appx. 803, 2004 WL 2792483
(6th Cir. Dec. 6, 2004) .................................................................................... 27, 28, 29

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) .............................................8

*Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154 (6th Cir. 1992) ...........................17

*Bluehippo Funding, LLC v. McGraw*, No. 2:07-0399, 2007 WL 6216559
(S.D. W.Va. 2007) ...........................................................................................14

*BPNC, Inc. v. Taft*, 147 Fed.Appx. 525 (6th Cir. 2005) ...................................................................18

*Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564 (6th Cir. 2008) ...................................... 16, *passim*

*Brown v. City of Niota, Tenn.*, 214 F.3d 718 (6th Cir. 2000) ..........................................................20

*Cady v. Arenac Cty.*, 574 F.3d 334, 342-345 (6th Cir. 2009) .........................................................11

*Carroll v. City of Mount Clemens*, 139 F.3d 1072 (6th Cir. 1998) ............................... 11, 12, 13, 15

*Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874 (8th Cir. 2002)......................................13

*Chandler v. Village of Chagrin Falls*, 296 Fed.Appx. 463 (6th Cir. 2008)............................. 19, 20

*Cheatham v. Kilbane-Koch*, No. 1:07-CV-1674, 2007 WL 2331935
(N.D. Ohio Aug. 13, 2007)..............................................................................15

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) .............21

*Coleman v. City of Beechwood*, 8th Dist. No. 92399, 2009-Ohio-5560,
2009 WL 3387948............................................................................................24

iii

*Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006) .......................................................... 15, 16, 17

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800,
    96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ................................................................. 3, 27, 28, 29

*Eaton v. Charter Twp. of Emmett*, 317 Fed.Appx. 444 (6th Cir. 2008) ..................................... 19, 20

*Elkins v. Summit County, Ohio*, Case No. 5:06-CV-3004, 2008 WL 614805
    (N.D. Ohio Mar. 5, 2008) ......................................................................................................8

*Embassy Realty Investments, Inc. v. City of Cleveland*, ___ F.Supp.2d ____,
    2013 WL 5532646 (N.D. Ohio Oct. 4, 2013) .....................................................................21

*Fed. Exp. Corp. v. Tenn. Public Serv. Comm.*, 925 F.2d 962 (6th Cir. 1991) ...............................13

*Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996) ...............................................................................14

*Garter Belt, Inc. v. Van Buren Twp.*, 66 Fed.Appx. 612 (6th Cir. 2003).......................................28

*Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) ....................7

*Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)................................22

*Griffin v. City of Heath, Ohio*, No. 2:04-CV-119, 2006 WL 745294
    (S.D. Ohio Mar. 21, 2006) .............................................................................................. 24, 25

*Gugliotta v. Morano*, 161 Ohio App.3d 152, 2005-Ohio-2570, 829 N.E.2d 757
    (9th Dist.) .............................................................................................................................25

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)...........................................................................25

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531 (6th Cir. 2012) ...........................................22

*Harless v. City of Columbus*, 183 F.Supp.2d 1024 (S.D. Ohio 2002)............................................27

*Hendricks v. Office of Clermont County Sheriff*, 326 Fed.Appx. 347 (6th Cir. 2009) .....................9

*Hicks v. City of Barberton*, N.D. Ohio No. 5:11cv76, 2011 WL 3022089
    (July 22, 2011) ....................................................................................................................10

*Hoover v. City of Elyria*, No. 1:12-CV-1876, 2013 WL 395829
    (N.D. Ohio Jan. 31, 2013)...................................................................................................13

*Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) .............................................................8

*James v. Hampton*, 513 Fed.Appx. 471 (6th Cir. 2013).......................................................13, 14, 15

*Lisboa v. Kleinman*, No. 1:07-CV-707, 2007 WL 4287619 (N.D. Ohio Dec. 4, 2007) ...........9, 26

iv

*Lujan v. G&G Fire Sprinklers*, 532 U.S. 189, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001) ............. 19

*Marathon Petroleum Co., LLC v. Stumbo*, 528 F.Supp.2d 639 (E.D. Ky. 2007) ........................... 13

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423,
    102 S.Ct. 2515, 73 L.Ed.2d 116 (1983) ................................................................ 13, 14

*Mills v. County of Lapeer*, 498 Fed.Appx. 507 (6th Cir. 2012) ......................................... 19

*Moore v. City of Garfield Hts.*, No. 1:12-CV-1700, 2012 WL 5845369 ....................................... 15

*Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ............................................ 14

*Morales v. Franklin County Sheriffs*, No. 2:12-cv-00580, 2013 WL 5492293
    (S.D. Ohio Oct. 2, 2013) ...................................................................................... 10

*Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907
    (N.D. Ohio July 18, 2011) ........................................................................... 25, 26, 27

*Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003) ........................................................ 7

*Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699 (6th Cir. 2013) ................................... 11, 12

*O'Connor v. Kelty*, 4:10-cv-0338, 2010 WL 2650198 (N.D. Ohio July 2, 2010) ......................... 10

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990) .......................................... 7

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) ........................... 14

*Plassman v. City of Wauseon*, No. 95-3736, 1996 WL 254662 (6th Cir. May 14, 1996) .............. 8

*Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ................................................... 11

*Quinn v. Shirey*, 293 F.3d 315, 319-320 (6th Cir. 2002) .................................................... 20

*River City Capital, L.P. v. Bd. of Cty. Commissioners, Clermont Cty.*, 491 F.3d 301
    (6th Cir. 2007) ............................................................................................. 16, 17

*RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125 (6th Cir. 1996) ......................... 7

*Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 662 N.E.2d 9
    (1996) ............................................................................................................. 25, 26

*Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980) ........................................... 8

*Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998) .......................................................... 27

*Ruff v. Runyon*, 60 F.Supp.2d 738 (N.D. Ohio 1999) ................................................................... 7

*Schrock v. Frederick*, No. 5:13-CV-2086, 2013 WL 5670976
  (N.D. Ohio Oct. 16, 2013) ....................................................................................15

*Schwartz v. City of Conneaut, Ohio*, No. 1:09-CV-1222, 2009 WL 4730594
  (N.D. Ohio Dec. 8, 2009) .....................................................................................26

*Scott v. Giant Eagle, Inc.*, No. 1:12-CV-03074, 2013 WL 1874853 (N.D. Ohio May 3,
  2013) ....................................................................................................................24

*Shelton v. Twin Township*, No. 3:12-cv-00390, 2013 WL 1627345 (S.D. Ohio 2013) ...............22

*Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584 (2013) ................................................. 11, 12

*Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635 (6th Cir. 1990) .....................................12

*Texas Gas Transmissions, LLC v. Butler Cty. Bd. of Comm.*, 625 F.3d 973
  (6th Cir. 2010) .......................................................................................................16

*Thomas v. McGinty*, No. 1:13-CV-1297, 2013 WL 3057011 (N.D. Ohio  June 17, 2013) ...........15

*Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) ...............................12

*United States v. Green*, 654 F.3d 637 (6th Cir. 2011) ............................................................. 21, 22

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994) ......................................................................7

*United States v. Smith*, 953 F.2d 1060 (7th Cir. 1992) ....................................................................22

*Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669 (6th Cir. 2005) .........................................26

*Wiley v. Oberlin Police Dept.*, 330 Fed.Appx. 524 (6th Cir. 2009) .................................................27

*Wilkerson v. Hardesty*, No. 5:05-CV-2146, 2005 WL 2777038
  (N.D. Ohio Oct. 25, 2007) ....................................................................................15

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304,
  105 L.Ed.2d 45 (1989) ..........................................................................................11

*Williamson Cty. Regional Planning Comm. v. Hamilton Bank of Johnson City*,
  473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).........................................16

*Wong-Opasi v. Haynes*, 8 Fed.Appx. 340 (6th Cir. 2001) .............................................................14

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ............................. 1, *passim*

## Statutes

42 U.S.C. 1983 ................................................................................................ 9, 10, 17, 26

Ohio Rev. Code, Chapter 309 ...................................................................................... 10

Ohio Rev. Code, Section 2744.02 ...............................................................................24

## Ordinances

Summit County Codified Ordinances, Section 201.02 ....................................................18

Summit County Codified Ordinances, Section 201.05 ....................................................18

Summit County Codified Ordinances, Section 759.02 ....................................................3

Summit County Codified Ordinances, Section 759.03 ....................................................4

Summit County Codified Ordinances, Section 759.04 ....................................................4

Summit County Codified Ordinances, Section 761.04 ....................................................5

Summit County Codified Ordinances, Section 761.99 ....................................................5

Summit County Codified Ordinances, Section 1305.04 ...............................................4, 5

Summit County Codified Ordinances, Section 1307.02 ...............................................4, 5

## Rules

Fed. R. Civ. P. 12 ...........................................................................................................8

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 2, 7, 29

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 2, *passim*

Fed. R. Civ. P. 12(c) ............................................................................................. 2, 8, 29

Fed. R. Civ. P. 56 ...........................................................................................................8

## INDEX OF DEFENDANTS' EXHIBITS

Certified Copy of Docket in *County of Summit v. Keith Heating & Cooling, Inc.*
Case No. CV-2012-10-5959, Summit Cty. Court of Common Pleas ................................... 1

Certified Copy of Complaint in *County of Summit v. Keith Heating & Cooling, Inc.*
Case No. CV-2012-10-5959, filed on October 24, 2012 ........................................................ 2

Certified Copy of Keith Heating & Cooling, Inc.'s Answer in *County of Summit
v. Keith Heating & Cooling, Inc.,* Case No. CV-2012-10-5959, filed on
December 17, 2012 ...................................................................................................................... 3

Certified Copy of Keith Goodwin's Answer in *County of Summit v. Keith Heating
& Cooling, Inc.*, Case No. CV-2012-10-5959, filed on December 17, 2012 ...................... 4

Certified Copy of First Amended Answer in *County of Summit v. Keith Heating &
Cooling, Inc.,* Case No. CV-2012-10-5959, filed on March 28, 2013 ................................ 5

Certified Copy of Court's Scheduling Order in *County of Summit v. Keith Heating &
Cooling, Inc.,* Case No. CV-2012-10-5959, filed on October 25, 2013 ............................. 6

Certified Copy of Court's Scheduling Order in *County of Summit v. Keith Heating &
Cooling, Inc.,* Case No. CV-2012-10-5959, filed on January 24, 2014 ............................ 7

Certified Copy of Motion to Correct Court's 1/24/14 Order in *County of Summit v.
Keith Heating & Cooling, Inc.,* Case No. CV-2012-10-5959, filed on
January 30, 2014 ........................................................................................................................ 8

Summit County Codified Ordinances, Chapters 201, 759 and 761 .................................... 9

## SUMMARY OF ARGUMENT

This case is an improper and meritless attempt by Plaintiffs Keith Goodwin and Keith Heating & Cooling, Inc. ("Plaintiffs") to challenge and interfere with a pending state court civil enforcement action that was filed by Summit County to enforce its consumer protection and building code ordinances.  As set forth in the attached docket of the pending state court proceeding, Summit County originally filed its civil enforcement action against Plaintiffs in October 2012, over 15 months ago.  (*See* Def. Ex. 1, Certified Copy of Docket in *County of Summit v. Keith Heating & Cooling, Inc. and Keith Goodwin*, Case No. CV-2012-10-5959).  The parties have engaged in substantial discovery and are scheduled for trial in July 2014.  (*Id.*)  Now, even though the state court proceedings are still pending, Plaintiffs wrongfully seek to challenge Summit County's civil enforcement action in federal court based upon alleged violations of the Takings Clause, the Due Process Clause, and the Equal Protection Clause.  (ECF #1, Pl. Compl., filed 1/17/2014).  Plaintiffs request that this Court declare the applicable Summit County ordinances "unconstitutional," grant a permanent injunction enjoining Summit County "from continuing the pursuit" of its pending civil enforcement action, and award "just compensation" damages "in excess of $35,000,000.00."  (*Id.*, Prayer for Relief, ¶ 1-5).

As discussed more fully below, however, Plaintiffs' federal court complaint is without any legal foundation and should be dismissed by this Court.  First, as discussed below, Plaintiffs' Complaint is barred by the doctrine of *Younger* abstention, which precludes the federal courts from interfering with a pending state court civil enforcement action.  (*See* Argument II.A, *infra*).  While the Sixth Circuit has held that a stay ordinarily is the remedy granted by *Younger* abstention, the proper remedy in this case would be dismissal because Plaintiffs' claims are not ripe for adjudication and fail to state a valid claim.  (*See* Argument II.B, *infra*).  Indeed, as set

forth more fully below, Plaintiffs' federal court action is based upon a series of meritless claims that are frivolous, unreasonable, and without any legal foundation. (*See* Arguments III and IV, *infra*). Thus, there is absolutely no reason why this case should remain pending on the Court's docket. Accordingly, Defendants respectfully request that the Court dismiss the entire case under Fed. R. Civ. P. 12(b)(1) and (b)(6) and/or grant a judgment on the pleadings in Defendants' favor under Fed. R. Civ. P. 12(c).

## STATEMENT OF THE ISSUES

1.     Whether the "Summit County, Ohio Building Standards Department," the "Summit County, Ohio Office of Consumer Affairs," and the "Office of the Summit County, Ohio Prosecutor" should be dismissed as Defendants because they are not *sui juris* and cannot be sued as separate legal entities under federal and state law.

2.     Whether *Younger* abstention applies to the pending state court civil enforcement action that was filed against Plaintiffs by Summit County for violations of the County's consumer protection and building code ordinances.

3.     Whether dismissal would be the proper remedy under *Younger* where, as here, the Plaintiffs' claims are not ripe for adjudication and fail to state a claim.

4.     Whether Plaintiffs' takings claim (and other ancillary due process, equal protection, and § 1983 claims) are not ripe for adjudication because Plaintiffs have not exhausted all available state court remedies.

5.     Whether Plaintiffs' procedural due process claims should be dismissed for failure to state a claim because it is undisputed that Plaintiffs were provided with notice of the alleged charges, and an opportunity to be heard, through the pending judicial proceeding filed by Summit County in the Summit County Court of Common Pleas.

2

6.     Whether Plaintiffs' substantive due process claim should be dismissed because Plaintiffs have not been deprived of any constitutionally-protected liberty or property interest in a manner that would "shock the conscience" under the applicable constitutional standard.

7.     Whether Plaintiffs' equal protection claim should be dismissed because they are not a member of a suspect class and have not alleged any specific facts to show that they have been treated differently from a "similarly situated" person.

8.     Whether any state law intentional tort claims for civil abuse of process and vindictive prosecution should be dismissed because Summit County is entitled to immunity under Ohio's Political Subdivision Tort Liability Act, R.C. 2744.02.

9.     Whether Plaintiffs' civil abuse of process claim should be dismissed because the Complaint does not allege sufficient facts to satisfy all of the elements of this claim.

10.    Whether Plaintiffs' "vindictive enforcement and vindictive prosecution" claim should be dismissed because Plaintiffs' Complaint has not alleged that Summit County filed the pending civil enforcement action in retaliation for the exercise of any First Amendment rights.

11.    Whether, in the alternative, the federal court case should be stayed under *Colorado River* abstention doctrine because the state court proceeding is a parallel proceeding that was filed over 15 months ago, has been the subject of substantial fact and expert discovery, and is scheduled for trial in July 2014.

## STATEMENT OF FACTS

### A.     Summit County's Civil Enforcement Action.

Plaintiff Keith Heating & Cooling, Inc. is a commercial and residential heating, ventilation, and air conditioning ("HVAC") contractor who is located in Tallmadge, Ohio.  (ECF #1, Pl. Compl. ¶ 5).  The President of Keith Heating & Cooling ("KH&C") is Keith Goodwin

3

("Goodwin").  (*Id.* at ¶ 4).  Both Plaintiffs are "merchants" as defined by Section 759.02 of the Summit County Consumer Protection Code because they are involved in the business of effectuating "consumer transactions" through the soliciting and selling of goods and services to "consumers" within Summit County.  (Def. Ex. 2, Summit Cty. Compl. ¶ 9).  Moreover, they are responsible for obtaining building permits before performing any work relating to the installation of HVAC service equipment at Summit County residences.  (*Id.* at ¶ 10).

In December 2011, the Summit County Department of Community and Economic Development, Building Standards Division, notified Plaintiffs that they had obtained only 45 building permits since 1996, and that they would be required to obtain building permits for any prior work performed, along with payment of civil penalties in the amount of 200% of the regular permit fee under Sections 1307.02 and 1305.04 of the Summit County Building Code. (Def. Ex. 2, Summit Cty. Compl. ¶ 11).  Thereafter, Plaintiffs pulled a total of 208 permits for work that previously had been performed, but failed to pay the 200% penalty.  (*Id.* at ¶ 12-16).

On December 26, 2011, February 16, 2012, and March 3, 2012, Bob Dyer of the Akron Beacon-Journal published a series of newspaper articles that alleged that KH&C and Goodwin had engaged in "unconscionable consumer sales practices and unfair and deceptive consumer sales practices."  (ECF #1, Pl. Compl. ¶ 32-36).  In response, the Summit County Office of Consumer Affairs received over 46 consumer complaints that are summarized in the state court complaint.  (*See* Def. Ex. 2, Summit Cty. Compl. ¶ 17-50).  Upon further investigation, the Summit County Prosecutor and the Summit County Office of Consumer Affairs ultimately determined that Defendants had engaged in a series of "unconscionable consumer sales practices" in violation of Section 759.03 of the Consumer Protection Code and "unfair or deceptive consumer sales practices" in violation of Section 759.04 of the Consumer Protection

Code. (*Id.* at ¶ 53-55).  Accordingly, on October 24, 2012, Summit County filed a complaint in the Summit County Court of Common Pleas against KH&C and Goodwin for "Injunctive Relief, Consumer Restitution, and Civil Penalties."  (Def. Ex 2, Complaint, filed 10/24/12).

In the pending state court proceeding, Summit County seeks to enforce its consumer protection ordinances by requesting that the Court order, among other things, a preliminary and permanent injunction to prevent violations of the Consumer Protection Code, the payment of civil penalties under Section 761.99 of the Summit County Codified Ordinances, the payment of compensatory and punitive damages under Section 761.04 of the Consumer Protection Code, and any additional relief necessary to redress the injury to the consumers who were adversely affected by the alleged violations, including the rescission or reformation of contracts, the refund of monies paid, restitution, and the disgorgement of profits.  (Ex. 2, Summit Cty. Compl., Prayer for Relief, ¶ (a) – (f)).  Moreover, Summit County seeks to enforce the Summit County Building Code by requesting that the Court order KH&C and Goodwin to pay all civil penalties owed under Section 1307.02 and 1305.04 of the Summit County Codified Ordinances.  (*Id.* at ¶ (g)).

After the filing of the civil enforcement complaint in state court, KH&C and Goodwin responded by filing Answers that alleged a number of affirmative defenses, including the defense that "the statutes upon which Plaintiff's Complaint are based are, in whole or in part, unconstitutional."  (Def. Ex. 3, KH&C Answer, Aff. Def. ¶ 13, filed 12/17/12); (Def. Ex. 4, Goodwin Answer, Aff. Def. ¶ 14, filed 12/17/12); (Def. Ex. 5, 1st Amd. Answer, Aff. Def. ¶ 13, filed 3/28/13).  The parties then proceeded to engage in substantial fact discovery, which was to be completed by December 27, 2013. (Def. Ex. 6, Trial Court's Scheduling Order, dated 10/25/13).  Plaintiffs' expert reports were due on December 27, 2013, and all expert discovery must be completed by February 28, 2014.  (Def. Ex. 7, Trial Court's Scheduling Order, dated

1/24/14).   A Final Pretrial Conference is scheduled for June 30, 2014, and a Trial is scheduled for July 7, 2014.  (*Id.*)[1]

**B.      Plaintiffs' Federal Court Complaint.**

On January 17, 2014, almost 15 months after the filing of Summit County's civil enforcement complaint, KH&C and Goodwin filed a separate, federal court action to challenge Summit County's ongoing enforcement of its consumer protection and building code ordinances. In their federal court complaint, however, Plaintiffs do not allege that Summit County has actually denied any building permits, issued any stop work orders, frozen any assets, or imposed any civil penalties. Rather, they are wrongfully seeking to enjoin Summit County from "continuing the pursuit of its October 24, 2012 civil suit against KH&C and Plaintiff Keith Goodwin" because Summit County's state court complaint *requested* certain remedies, including injunctive relief, civil penalties, the freezing of assets, the appointment of a receiver, restitution, court-ordered refunds to consumers, and the disgorgement of profits.  (ECF #1, Compl.  ¶ 27, 53, and Prayer for Relief, ¶ 5).  Although Plaintiffs' federal court complaint repeatedly alleges that KH&C and Goodwin were not provided "notice and an opportunity to be heard," it does not dispute that Summit County provided notice of the alleged charges and an opportunity to defend against the alleged charges in the pending state court judicial proceedings.   Indeed, at this juncture, no injunctive relief has been granted by the state court, and none of the other remedies requested by Summit County's Complaint have been awarded.  (*See* Def. Ex. 1, State Court Docket).   The case is still pending. (*Id.*)

---

[1]   The Court's January 24th Scheduling Order states that the case is scheduled for a "Jury Trial," but KH&C and Goodwin filed an unopposed motion to correct the Court's 1/24/14 Order in order to re-designate the case as scheduled for a Bench Trial due to the nature of the equitable and statutory remedies requested in Summit County's Complaint.  (*See* Def. Ex. 8, Motion to Correct Court's 1/24/14 Order, filed on 1/30/2014).  Summit County did not oppose this Motion.

**STANDARD OF REVIEW**

This Motion to Dismiss has been filed under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The standard of review for both types of motions is different, and is discussed more fully below.

**A.      Standard of Review for Motions to Dismiss For Lack Of Ripeness Under Rule 12(b)(1).**

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories:  facial attacks and factual attacks."  *Ruff v. Runyon*, 60 F.Supp.2d 738, 743 (N.D. Ohio 1999) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).  "A facial attack challenges the sufficiency of the pleading itself."  *Id.*  "On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations.  Rather, it challenges the court's very power to hear the case, *i.e.*, the factual existence of subject matter jurisdiction."  *Id.*  "In these cases, no presumptive truthfulness applies to the factual allegations.  Moreover, the plaintiff has the burden to prove the existence of jurisdiction."  *Id.* (citing *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996), and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990)).

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits."  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).  The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Ritchie*, 15 F.3d at 592.  "[T]he district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts."  *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  "Ultimately, the court must 'weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.'"  *Ruff*, 60 F.Supp.2d at 743 (citations omitted).

7

**B.    Standard of Review for Motions To Dismiss Under Rule 12(b)(6) and 12(c).**

In order to survive a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), a plaintiff must allege "sufficient factual matter" that, if proven, would establish a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  Although the Court must accept the "well-pleaded allegations in the complaint," it "need not accept as true the 'bare assertion of legal conclusions'" and any "unwarranted factual inferences." *Elkins v. Summit County, Ohio*, Case No. 5:06-CV-3004, 2008 WL 614805, at *2 (N.D. Ohio Mar. 5, 2008) (citations omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Rather, a complaint must allege sufficient facts to establish an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss and/or a motion for judgment on the pleadings under Rule 12, the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56.  As the Sixth Circuit has held, however, there are a number of exceptions to this rule, which would permit the Court to consider public records, such as the orders and pleadings from the pending state court proceedings. *See, e.g., Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).  Indeed, it is well-established that a "federal court may take judicial notice of the proceedings in other courts of record." *Plassman v. City of Wauseon*, No. 95-3736, 1996 WL 254662, at *3 (6th Cir. May 14, 1996) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)).  Accordingly, as in the above-referenced cases, the Court can and should consider all of

the orders, pleadings, and other records from the state court proceedings in deciding Defendants' Motion.  *See, e.g., Lisboa v. Kleinman*, No. 1:07-CV-707, 2007 WL 4287619, at *1 (N.D. Ohio Dec. 4, 2007) (taking judicial notice of the public records from the Cuyahoga Court of Common Pleas, Case Nos. CV-04-451451 and 06CV597010, in deciding Motion to Dismiss).

The Court also may consider the pleadings and orders from the state court action because Summit County's civil enforcement action is explicitly referenced in the Complaint and central to the Plaintiffs' claims.  (Compl.  ¶ 27, ¶ 53, and Prayer for Relief, ¶ 5).  As the Sixth Circuit has held, the district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).  Accordingly, for this additional reason, the Court should consider all of the pleadings and orders from the pending state court proceedings in deciding Defendants' Motion to Dismiss.

## LAW AND ARGUMENT

### I.    THE COURT SHOULD CONCLUDE THAT SUMMIT COUNTY IS THE SOLE DEFENDANT IN THIS CASE.

#### A.    All Claims Against the County Prosecutor's Office, the Office of Consumer Affairs, and the Building Standards Department Should Be Dismissed Because They Are Not *Sui Juris* And Cannot Be Sued Under 42 U.S.C. 1983.

In their Complaint, Plaintiffs not only sue Summit County, but allege claims the "Summit County, Ohio Building Standards Department," (2) the "Summit County, Ohio Office of Consumer Affairs," and (3) the Office of the Summit County, Ohio Prosecutor."  (ECF #1, Compl. ¶ 10, 12, 14).  The claims alleged against these offices must be dismissed, however, because they are not "*sui juris*" – *i.e.,* they are not separate entities that may be sued under 42 U.S.C. § 1983.  *See Hendricks v. Office of Clermont County Sheriff*, 326 Fed.Appx. 347, 349 (6th

9

Cir. 2009).  As this Court has held, "[a]dministrative units of local governments" are "not *sui juris*," but "merely sub-units" of the political subdivision they serve.  *See Hicks v. City of Barberton*, N.D. Ohio No. 5:11cv76, 2011 WL 3022089, at *2 (July 22, 2011) (Lioi, J.) (citations omitted).  Accordingly, any claims against the Building Standards Department, the Office of Consumer Affairs, or the Prosecutor's Office should be dismissed because they are not *sui juris* and lack the capacity to be sued as separate legal entities under federal and state law.

This legal principle applies fully to the County Prosecutor's Office, which, under Ohio Rev. Code Chapter 309, is authorized to prosecute and defend suits filed by or against the County, but is "not separately authorized to sue or be sued on behalf of the 'office' itself because [it is] not [a] separate legal [entity]."  *See Morales v. Franklin County Sheriffs*, No. 2:12-cv-00580, 2013 WL 5492293, at *2 (S.D. Ohio Oct. 2, 2013).  Accordingly, this Court should dismiss the "Building Standards Department," the "Office of Consumer Affairs," and the "Office of the Summit County Prosecutor" as Defendants in this civil action.

## B. The Claims Alleged Against Russell M. Pry, Sherri Bevan Walsh, John M. Labriola, Cynthia M. Sich, and William "Bill" Miller Should Be Treated As Claims Against Summit County Only Because Each Defendant Has Been Sued In Their Official Capacity Only.

The claims against Russell M. Pry, Sherri Bevan Walsh, John M. Labriola, Cynthia M. Sich, and William "Bill" Miller should be treated as claims against Summit County because all five persons have been sued in their official capacity only.  (ECF #1, Compl., pp. 1-2).  As one court recently explained, "pleading official capacity is another way of stating a claim against an entity of which a defendant is an agent."  *O'Connor v. Kelty*, No. 4:10-cv-0338, 2010 WL 2650198, at *3 (N.D. Ohio July 2, 2010) (citations omitted).  Thus, it is well-established that an "official capacity" claim should be treated as a claim against the governmental entity itself and

subjected to the same legal standards.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).[2]

## II.    THE COURT SHOULD CONCLUDE THAT *YOUNGER* ABSTENTION APPLIES FULLY TO THIS CASE.

### A.    The State Court Proceeding Filed By Summit County Against Plaintiffs Is A "Civil Enforcement Action" Within The Meaning Of *Younger* Abstention.

The U.S. Supreme Court has held that federal court abstention is appropriate where, as here, a plaintiff invokes federal jurisdiction to challenge or interfere with ongoing state court proceedings.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Although *Younger* involved a state criminal proceeding, the Supreme Court has held that *Younger* abstention also applies to "civil enforcement proceedings" and "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591 (2013).  This *Younger* abstention doctrine applies to any civil enforcement actions that may be filed by the State or by any political subdivisions of the State.  Thus, the Sixth Circuit has held that *Younger* abstention applies to a civil enforcement action filed by a township to enforce its local zoning ordinances, and to a civil enforcement action filed by a municipality to enforce certain building code violations.  *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 700 (6th Cir. 2013); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

---

[2]  Ordinarily, official capacity suits against the county prosecutor should be treated as claims against the State of Ohio because, as the Sixth Circuit has held, county prosecutors act as the agent for the State when they prosecute and enforce state laws.  *See Cady v. Arenac Cty.*, 574 F.3d 334, 342-345 (6th Cir. 2009); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). In this case, however, the state court civil enforcement action was filed on behalf of Summit County to enforce the County's codified ordinances.  Thus, the "official capacity" suit should be treated as a claim against Summit County.  To the extent that the County Prosecutor is acting as the agent of the State to enforce the Ohio Revised Code or any other state laws, then the official capacity claim would be barred by the Eleventh Amendment of the U.S. Constitution.  *Id.*

Here, the state court proceeding filed by Summit County is clearly a "civil enforcement" action that falls within the scope of *Younger* abstention.  As Plaintiffs admit, the pending state court action was filed by Summit County in order to enforce certain consumer protection and building code ordinances that allegedly had been violated by Plaintiffs.  (ECF #1, Compl. ¶ 20).  The civil enforcement proceeding is "akin to a criminal prosecution" in that it was "initiated to sanction" KH&C and Goodwin for a "wrongful act."  *Sprint Communications*, 134 S.Ct. at 592.  Indeed, as Plaintiffs concede, the state court complaint seeks civil "penalties" to sanction KH&C and Goodwin for their past and present violations, along with injunctive relief to prevent future violations.  Moreover, it seeks monetary damages in the form of "restitution" and "court-ordered refund of monies" to consumers who were the victims of the alleged acts of consumer fraud. (Compl.  ¶ 27).  Accordingly, under the applicable case law, the state court proceeding clearly qualifies as a "civil enforcement action" subject to *Younger* abstention.  *See Trainor v. Hernandez*, 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (applying *Younger* abstention to civil enforcement proceeding to recover improper benefits fraudulently obtained from welfare department); *Carroll*, 139 F.3d at 1074 (applying *Younger* abstention to civil enforcement action to enjoin building code violations).

Once it has been determined that the state court proceeding is a "civil enforcement action" subject to *Younger* abstention, this Court then must determine whether three "additional requirements" have been met.  *Sprint Communications*, 134 S.Ct. at 593.  In particular, this Court should abstain under *Younger* if three conditions exist:  "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims."  *Nimer*, 707 F.3d at 701; *see also Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)

12

(citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1983)). Here, as discussed more fully below, all three conditions have been met. Accordingly, the Court should apply *Younger* abstention to this case. *James v. Hampton*, 513 Fed.Appx. 471, 476 (6th Cir. 2013).

### 1. The State Court Civil Enforcement Action Is Pending.

It is undisputed that the state court proceeding was pending at the time of the filing of the Plaintiffs' Complaint. *See Fed. Exp. Corp. v. Tenn. Public Serv. Comm.*, 925 F.2d 962, 969 (6th Cir. 1991) ("if a state proceeding is pending at the time the action is filed in federal court, the first criteria of *Younger* abstention is satisfied"). Accordingly, the first condition has been met.

### 2. The State Court Civil Enforcement Action Involves Important State Interests.

It is further undisputed that Summit County's civil enforcement action involves "important state interests." As the Supreme Court has held, a state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 51-52. This interest includes the enforcement of "local ordinances" relating to the health, safety, and welfare of its citizens. *Hoover v. City of Elyria*, No. 1:12-CV-1876, 2013 WL 395829, at *2 (N.D. Ohio Jan. 31, 2013). Indeed, as previously discussed, the Sixth Circuit already has held a municipality has a strong interest in enforcing building code violations. *Carroll*, 139 F.3d at 1074. Moreover, the federal courts have long recognized that there is an important state interest in protecting consumers from unfair and deceptive trade practices and in enforcing consumer protection laws. *See, e.g., American Consumer Publishing Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1127 (9th Cir. 2003); *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879-880 (8th Cir. 2002); *Marathon Petroleum Co., LLC v. Stumbo*, 528 F.Supp.2d 639, 646 (E.D. Ky. 2007); *see also*

13

*Bluehippo Funding, LLC v. McGraw*, No. 2:07-0399, 2007 WL 6216559, at *12 (S.D. W.Va. 2007) ("numerous courts have accepted the broader state interest in consumer protection as qualifying for consideration under the second step in the *Younger/Middlesex* test") (citations omitted).  Accordingly, the Court should conclude that this second condition has been met.

**3.     The State Court Civil Enforcement Action Provides An Adequate Opportunity To Raise Federal Constitutional Challenges.**

Finally, the Court should conclude that the state court proceeding provides an adequate opportunity to raise federal constitutional challenges.  As the Sixth Circuit has explained, the "federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Wong-Opasi v. Haynes*, 8 Fed.Appx. 340, 343 (6th Cir. 2001) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)).  Thus, "unless state law clearly bars the interposition of constitutional claims," then the Court should conclude that this third factor has been met.  *Moore v. Sims*, 442 U.S. 415, 425-26, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Fieger v. Thomas*, 74 F.3d 740, 745 (6th Cir. 1996).

It is the Plaintiff's burden to establish that state law clearly bars the imposition of constitutional claims.  *Fieger*, 74 F.3d at 745.  They cannot meet this heavy burden.  There is simply no legal authority that would provide that Ohio's state courts lack the authority to hear and decide federal constitutional issues.  Indeed, in this case, Plaintiffs' original Answer and First Amended Answer included affirmative defenses that sought to challenge the constitutionality of the County's ordinances.  Accordingly, the Court should conclude that this third condition for *Younger* abstention has been met.  *See James*, 513 Fed.Appx. at 476 (third condition for *Younger* abstention was met because Plaintiff did not establish that she "was completely foreclosed from raising her federal claims in state court when she filed this lawsuit").

14

**B.      The Proper Remedy In This Case Is Dismissal, Not A Stay.**

Ordinarily, where, as here, a federal court complaint includes a demand for money damages, the proper remedy under *Younger* abstention is to stay, rather than dismiss, the federal court proceedings.  *See Carroll*, 139 F.3d at 1075-76.  The Sixth Circuit has held, however, that the district court may dismiss the federal court complaint if the plaintiff "has no injury necessary to make his case ripe for federal review."  *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006); *see also James*, 513 Fed.Appx. at 477 ("*Coles* is best read in conjunction with our other precedents for the proposition that when a plaintiff's claim is not yet ripe, *Younger* abstention permits dismissal and does not require holding in abeyance").

Similarly, as a number of judges in this district have held, where, as here, the "Plaintiff fails to state a viable claim for damages against any of the Defendants," then the Court may dismiss the case in its entirety.  *See, e.g., Schrock v. Frederick*, No. 5:13-CV-2086, 2013 WL 5670976, at *5 (N.D. Ohio Oct. 16, 2013) (Adams, J.); *Thomas v. McGinty*, No. 1:13-CV-1297, 2013 WL 3057011, at *4 (N.D. Ohio June 17, 2013) (Polster, J.); *Moore v. City of Garfield Hts*, No. 1:12-CV-1700, 2012 WL 5845369, at *5 (N.D. Ohio Nov. 19, 2012) (Gaughan, J.); *Cheatham v. Kilbane-Koch*, No. 1:07-CV-1674, 2007 WL 2331935, at *2 (N.D. Ohio Aug. 13, 2007) (Oliver, J.); *Wilkerson v. Hardesty*, No. 5:05-CV-2146, 2005 WL 2777038, at *3 (N.D. Ohio Oct. 25, 2007) (Gwin, J.).   Here, as discussed more fully below, the Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs' claims are not ripe for adjudication and/or fail to state a claim upon which relief can be granted.  We address both arguments below.

## III.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION BECAUSE THEY ARE NOT RIPE FOR ADJUDICATION.

As previously discussed, Plaintiffs' Complaint includes a takings claim that alleges that "Defendants destroyed the business of KH&C and eliminated the livelihood of Plaintiff

15

Goodwin" without paying "just compensation." (ECF #1, Compl. ¶ 49-50). It is well-established, however, that a takings claim is not ripe for review if the plaintiff has not exhausted all available state court remedies to obtain just compensation. *See Williamson Cty. Regional Planning Comm. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193-195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); *Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564, 569 (6th Cir. 2008). As the Sixth Circuit has held, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Coles*, 448 F.3d at 861 (quoting *Williamson*, 473 U.S. at 195). This requirement to exhaust available state remedies applies to all takings claims, "regardless of the nature of the taking." *Texas Gas Transmissions, LLC v. Butler Cty. Bd. of Comm.*, 625 F.3d 973, 976 (6th Cir. 2010). Accordingly, if a plaintiff has not exhausted available state remedies for just compensation, the federal courts must dismiss the takings claim for lack of ripeness and lack of subject matter jurisdiction. *Id.*

In their Complaint, Plaintiffs do not allege that they have exhausted all available state remedies for just compensation. Rather, they present a conclusory legal allegation that "there does not exist any effective state law procedures to provide KH&C or Goodwin" just compensation for the alleged taking. (Compl. ¶ 50). This Court need not accept this legal conclusion as true, however, because it conflicts with binding Sixth Circuit precedent. As was reiterated in *Texas Gas Transmissions, LLC*, the Sixth Circuit "has held unambiguously that Ohio affords such a procedure through an action for *mandamus* to compel a government entity to institute appropriation procedures against the private property owner." *Id.*, 625 F.3d at 976 (citing *Coles*, 448 F.3d at 865)); *see also River City Capital, L.P. v. Bd. of Cty. Commissioners, Clermont Cty.*, 491 F.3d 301, 307 (6th Cir. 2007). This state mandamus remedy must be

16

exhausted, "*no matter whether that taking is a regulatory or physical one*, and no matter whether the public actor is a state or local entity." *River City Capital, L.P.*, 491 F.3d at 307 (citing *Coles*, 448 F.3d at 865) (emphasis in original). Accordingly, this Court should dismiss the Plaintiffs' takings claim for lack of ripeness and lack of subject matter jurisdiction. *Id.*

Similarly, the Court should dismiss Plaintiffs' other constitutional and § 1983 claims. Under Sixth Circuit precedent, the requirement to exhaust available state remedies applies not only to takings claims, but to any "related constitutional claims – procedural and substantive due process, equal protection, and § 1983" if they are "ancillary" to the unripe takings claim. *Braun*, 519 F.3d at 572-573; *Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154, 159 (6th Cir. 1992). Here, the alleged due process, equal protection, abuse of process, and vindictive prosecution claims are ancillary to the takings claim because they are based upon the allegation that Summit County's enforcement actions allegedly deprived Plaintiffs of a constitutionally-protected property interest without due process of law, and allegedly violated equal protection by seeking civil penalties that were allegedly not sought from other HVAC contractors. These ancillary claims are not ripe for adjudication, however, because Plaintiffs have not yet been ordered to pay any civil penalties and have not yet become subject to any of the other remedies requested in Summit County's Complaint. Thus, Plaintiffs should not be permitted to bring their claims in federal court unless and until they have exhausted all of the available state court remedies. *Braun*, 519 F.3d at 572-573.

In this regard, the allegation that the County's mere *request* for damages, civil penalties, and injunctive relief has caused a constitutional injury is legally meritless and should be rejected by this Court. The alleged impact of the pending civil enforcement action on the Plaintiffs' business and reputation is only an "indirect injury" that cannot give rise to a Fourteenth

Amendment claim.  *See BPNC, Inc. v. Taft*, 147 Fed.Appx. 525, 531 (6th Cir. 2005) ("Indirect injuries from governmental action are not actionable under the Fourteenth Amendment").  Thus, the allegations that Summit County's enforcement actions have "destroyed the business of KH&C and eliminated the livelihood of Plaintiff Goodwin" are not the type of injury that can give rise to a valid Fourteenth Amendment claim.  *Id.*  Accordingly, the Court should conclude that Plaintiffs' claims are not ripe for adjudication.

## IV.  PLAINTIFFS' CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.  Plaintiffs' Procedural Due Process Claims Should Be Dismissed For Failure To State A Claim.

Although inartfully pled, it appears that Plaintiffs' primary constitutional claims are based upon the allegation that Summit County's consumer protection ordinances violate procedural due process because they grant the Director of the Office of Consumer Affairs with the "unfettered" discretion to determine whether to refer a matter for prosecution, and because they failed to provide KH&C and Goodwin with notice and an opportunity to be heard on the alleged charges *before* the filing of the civil enforcement action.  (Pl. Compl. ¶ 18-40).  In this regard, Plaintiffs allege that they should have been granted the opportunity for mediation under "Title IX, Chapter 201 of the Codified Ordinances of Summit County" (*Id.* at ¶ 25-27),[3] and should have been granted a "proper, effective name-clearing hearing" in order to respond to the Akron Beacon-Journal's articles and the 46 consumer complaints.  (*Id.* at ¶ 28-40).

---

[3]  Contrary to Plaintiffs' assertions, Chapter 201 of the Summit County Codified Ordinances does not mandate a mediation for every citizen complaint.  Rather, Section 201.05 provides that the "Deputy Director *may* mediate and use the authority granted in Section 201.02 and assist the parties in coming to a settlement agreement."  (*See* Def. Ex. 9, Codified Ordinances, § 201.05).  In fact, under Section 201.05(d), if the Deputy Director "finds that a complaint is not susceptible of mediation, the Deputy Director may transmit the matter to the County Prosecutor, as provided by the Codified Ordinances of Summit County and the Ohio Revised Code . . . "  (*Id.*)

18

These procedural due process claims are legally meritless and should be dismissed by this Court. "[P]rocedural due process generally requires that the state provide a person with notice and opportunity to be heard" before the deprivation of a constitutionally-protected property or liberty interest. *Braun*, 519 F.3d at 572. In this case, however, Summit County clearly has complied with this due process obligation by filing a *judicial* proceeding that provided KH&C and Goodwin with notice of the alleged charges, and an opportunity to be heard, *before* any injunctions, civil penalties, or other monetary damages are imposed. An additional, pre-enforcement *administrative* hearing is not necessary because Summit County has provided notice and an opportunity to be heard via a *judicial* proceeding that provides for discovery, the right to subpoena third-party witnesses, an independent judicial officer, and a trial. This "ordinary judicial process" provides more than sufficient process to satisfy the constitutional requirements. *See Lujan v. G&G Fire Sprinklers*, 532 U.S. 189, 197, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001) (California statutes authorizing the withholding of money and the imposition of penalties for violating prevailing wage requirements did not violate procedural due process because California "makes ordinary judicial process available" and "that process is due process").

In this regard, the allegation that Plaintiffs have a due process right to "mediation" is completely meritless as a matter of law. As the Sixth Circuit has held, "the Due Process Clause does not protect against the deprivation of state procedural rights." *Mills v. County of Lapeer*, 498 Fed.Appx. 507, 514 (6th Cir. 2012) (citations omitted). Thus, the allegation that a governmental entity violated one of its own local ordinances is not sufficient to establish a due process violation. *See Chandler v. Village of Chagrin Falls*, 296 Fed.Appx. 463, 471-472 (6th Cir. 2008); *Eaton v. Charter Twp. of Emmett*, 317 Fed.Appx. 444, 448 (6th Cir. 2008). Rather, assuming that there has been a deprivation of a constitutionally-protected property interest, the

19

plaintiff must establish that the local government failed to comply with the *constitutional* mandates of "notice" and an "opportunity to be heard." *Chandler*, 296 Fed.Appx. at 472; *Eaton*, 317 Fed.Appx. at 448. Accordingly, given that Summit County provided notice and an opportunity to be heard via the pending judicial proceedings, any alleged failure to provide a "mediation" cannot give rise to a valid procedural due process claim.

Finally, the Court should reject Plaintiffs' allegation that they were entitled to a "name clearing hearing." In general, the obligation to provide a "name clearing hearing" has been applied only to public employees who have been terminated from employment without due process of law. *See Quinn v. Shirey*, 293 F.3d 315, 319-320 (6th Cir. 2002). In order to establish an entitlement to a name-clearing hearing, Plaintiffs must satisfy the following five-part test:

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment . . . Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance . . . Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges against him were false. Lastly, the public dissemination must have been voluntary.

*Quinn*, 293 F.3d at 320; *Brown v. City of Niota, Tenn.*, 214 F.3d 718, 722-723 (6th Cir. 2000). Moreover, a plaintiff must "show that he requested a name clearing hearing and was denied that hearing." *Baar v. Jefferson Cty. Bd. of Education*, 311 Fed.Appx. 817, 826 (6th Cir. 2009).

Here, Plaintiffs have not alleged that they were terminated from public employment, or that they ever "requested a name clearing hearing and were denied that hearing." *Id*. In this case, in fact, Plaintiffs were actually provided with a "name clearing" hearing via the pending state court proceedings, which provides them with an opportunity to defend against the alleged charges and to establish that they did not violate the County's ordinances. Accordingly, Plaintiffs' procedural due process claim should be dismissed by this Court.

20

**B.** **Plaintiffs' Substantive Due Process Claim Should Be Dismissed For Failure To State A Claim.**

To the extent that the Complaint alleges that Summit County's actions to enforce its consumer protection and building code ordinances violate substantive due process, it also should be dismissed for failure to state a claim.  As this Court has recently observed, the U.S. Supreme Court has held that the "substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscious shocking, in a constitutional sense." *Embassy Realty Investments, Inc. v. City of Cleveland*, ___ F.Supp.2d, 2013 WL 5532646, at *6 (N.D. Ohio Oct. 4, 2013) (Lioi, J.) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).  "Under this demanding standard, a plaintiff must demonstrate that the defendants 'acted in a manner offensive of community standards of decency and with a callous indifference to plaintiffs' rights, so to rise to the level of reckless and appalling behavior.'" *Embassy Realty Investments, Inc.*, 2013 WL 5532646, at *6 (citations omitted).  Thus, as the Sixth Circuit has held, plaintiffs cannot prevail on any substantive due process claim unless they can establish that Defendants engaged in conduct that "shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Green*, 654 F.3d 637, 652 (6th Cir. 2011).

Here, the County's prosecutorial decision to enforce its consumer protection and building code ordinances does not come close to satisfying this demanding constitutional standard.  By definition, the exercise of prosecutorial discretion involves the weighing and consideration of a variety of factors, including the impact and scale of the alleged violations and the willingness of the Plaintiffs to comply voluntarily.  This exercise of prosecutorial discretion clearly does not violate substantive due process, and in fact "[t]here is some authority for the proposition that an exercise of prosecutorial discretion may not be challenged for arbitrariness under the doctrine of

21

substantive due process." *See Green*, 654 F.3d at 653 (citing *United States v. Smith*, 953 F.2d 1060, 1063 (7ᵗʰ Cir. 1992)).  Even if an exercise of prosecutorial discretion may be challenged under the substantive due process standard, however, the fact remains that the Complaint fails to allege any facts that "shocks the conscience or interferes with rights implicit with the concept of ordered liberty." *Id.*  As the Sixth Circuit has observed, "[t]here exists no 'fundamental' right in our legal system to violate a municipality's codes and regulations with impunity," and thus allegations of the "rigorous and allegedly selective enforcement of city regulations" does not constitute the type of conduct that "shocks the conscience" in violation of substantive due process. *See, e.g., Banks v. City of Whitehall*, 344 F.3d 550, 554-555 (6ᵗʰ Cir. 2003); *Shelton v. Twin Township*, No. 3:12-cv-00390, 2013 WL 1627345 (S.D. Ohio 2013).

Finally, to the extent that any substantive due process claim is based upon a violation of more specific constitutional provision, it should be dismissed.  As the Sixth Circuit has held, a substantive due process claim must fail if it is based upon, or "subsumed" by, a more specific constitutional provision.  *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 548 (6ᵗʰ Cir. 2012); *Banks*, 344 F.3d at 554 ("*Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), precludes the use of substantive due process when a more specific constitutional provision governs").   Thus, to the extent that a substantive due process claim is based upon another constitutional provision, it should be dismissed. *Id.* at 554-55.

### C.    Plaintiffs' Equal Protection Claim Should Be Dismissed For Failure To State A Claim.

Plaintiffs' Complaint also includes an allegation that Summit County's "Chief Building Official for the Department of Building Standards," John Labriola, violated equal protection by allegedly treating Plaintiffs differently than "other Summit County businesses and contractors who failed to pay or remit the applicable permit fee, or to even obtain a permit."  (ECF #1,

Compl. ¶ 45).  In particular, the Complaint alleges that Labriola has exercised his discretion to "not fine, and not penalize HVAC contractors, electrical contractors, building contractors, and/or plumbing contractors for not having obtained permits when required, for not remitting the requisite permit fee when required, and for not following up with the Department of Building Standards once work requiring the issuance of the a permit was completed."  (*Id.* ¶ 44).

This alleged selective enforcement of the building code ordinances also fails to state a valid claim.  In order to prevail on a selective enforcement claim, Plaintiffs must allege and show that they "'belong[ ] to an identifiable group, such as . . . a particular race or religion, or a group exercising constitutional rights,' and who were targeted for law enforcement action as a result of that group status."  *Banks*, 344 F.3d at 555.  Plaintiffs' Complaint does not make this allegation.  While the Supreme Court has recognized that a successful equal protection claim may be based upon a "class of one," Plaintiffs have not alleged sufficient facts to state a "class of one" equal protection violation.  As the Sixth Circuit has held, it is not sufficient to make conclusory allegations that they "have been treated differently from other individuals."  *Braun*, 519 F.3d at 575.  Rather, to allege a valid equal protection claim, the plaintiff must allege "specific examples of *similarly situated* individuals" who are "similar in scale or impact."  *Id.* (emphasis in original).

Here, although Plaintiffs make a conclusory allegation that they have been treated differently from other unidentified contractors, they completely fail to allege any *specific examples* of a "similarly situated" contractor who is similar in terms of the scale and impact of the alleged violations.  Indeed, as set forth in state court complaint, Summit County's civil enforcement action is based upon allegations that KH&C and Goodwin failed to pay penalties for over a hundred building permits that were obtained after the work had been performed, and that Plaintiffs have engaged in a continuing course of wrongful conduct that negatively impacted

23

over 46 consumers who filed complaints with the Office of Consumer Affairs. (*See* Def. Ex. 1, Summit Cty. Compl., ¶ 14-50). Plaintiffs' federal court complaint does not identify any specific contractor who is "similarly situated" in terms of the scale and impact of these alleged violations. Accordingly, it has not alleged sufficient facts to state a valid equal protection claim. *Braun*, 519 F.3d at 575 (affirming dismissal of equal protection claim that failed "to allege any specific examples of *similarly situated* individuals" who requested rezoning that was "similar in scale or impact") (emphasis in original).

>    **D.    Plaintiffs' "Civil Abuse of Process" Claim Should Be Dismissed For Failure To State A Claim.**

Plaintiffs' Complaint also includes a claim for "civil abuse of process." (ECF #1, Pl. Compl. ¶ 52-56). This is a state law tort claim that should be dismissed because Summit County, as a political subdivision, is entitled to immunity from intentional tort claims, such as malicious prosecution and abuse of process, under Ohio's Political Subdivision Tort Liability Act, R.C. 2744.02. *See Scott v. Giant Eagle, Inc.*, No. 1:12-CV-03074, 2013 WL 1874853 (N.D. Ohio May 3, 2013) (citing *Coleman v. City of Beechwood*, 8th Dist. No. 92399, 2009-Ohio-5560, 2009 WL 3387948, ¶ 51 (Oct. 22, 2009)) (holding that political subdivisions are immune from intentional tort claims, such as malicious prosecution and abuse of process). Thus, the abuse of process claim should be dismissed against Summit County, all of the departments and offices of Summit County, and all of the officers and employees of Summit County sued in their official capacity. *See, e.g.*, *Griffin v. City of Heath, Ohio*, No. 2:04-CV-119, 2006 WL 745294, at *21-22 (S.D. Ohio Mar. 21, 2006) (dismissing malicious prosecution and abuse of process claims against City of Heath and all employees of the City of Heath in their official capacity because they are entitled to political subdivision immunity under R.C. 2744.02).

Second, the civil abuse of process claim should be dismissed because it fails to allege sufficient facts to satisfy the elements of an abuse of process claim.  Under Ohio law, "a claim for Abuse of Process contains three elements:  (1) a legal proceeding that has been set forth in the proper form and with probable cause; (2) the proceedings has been perverted to attempt to accomplish some ulterior purpose for which it was not designed; and (3) direct damage has resulted from the wrongful use of process."  *All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10-CV-2343, 2011 WL 867020, at *1 (N.D. Ohio Mar. 11, 2011) (citing *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 662 N.E.2d 9, 14 (1996)); *Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *3 (N.D. Ohio July 18, 2011).    Here, Plaintiffs do not allege any facts to satisfy any of the elements of this claim.  While they allege that the filing of the civil enforcement action was "an improper and malicious misuse of the legal process to punish, and make a public example of KH&C and Plaintiff Keith Goodwin," it is well-established that abuse of process does not arise based upon the allegation that a prior proceeding was improperly filed for a "malicious or improper motive."  *All Metal Sales, Inc.*, 2011 WL 867020, at *1; *see also Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (abuse of process claim cannot be based upon the mere filing of a civil action "with bad intentions"); *Griffin*, 2006 WL 745294, at *19 (dismissing abuse of process claim because it alleged that prior proceedings "should not have been brought, *i.e.*, they were brought for an improper, ulterior motive").

As the Ohio courts have explained, abuse of process "does not lie for the wrongful bringing of an action, but for the improper use, or 'abuse of process' once a proper claim has been commenced."  *Gugliotta v. Morano*, 161 Ohio App.3d 152, 168, 2005-Ohio-2570, 829 N.E.2d 757, ¶ 50 (9th Dist.).  In order to withstand dismissal, therefore, Plaintiffs must include factual allegations in the complaint to show that "probable cause existed at the time of the

25

proceedings were initiated." *Lisboa*, 2007 WL 4287619, at *7 (citing cases).  Moreover, they must allege sufficient facts to show that "the post-filing proceedings have been perverted" in some abusive manner.  *All Metal Sales*, 2011 WL 867020, at *1.  Here, the Complaint does not include any factual allegations relating to any specific wrongful acts committed by Summit County *after* the filing of the state court proceedings that would show a misuse or "abuse" of the judicial process.  Rather, it simply alleges that the civil action was filed for an improper and malicious purpose.  Accordingly, the abuse of process claim should be dismissed.

To the extent that Plaintiffs allege that their abuse of process claim is based upon federal law, it also should be dismissed.  Although the Sixth Circuit has never recognized a § 1983 claim for abuse of process, it has held that such a claim, if cognizable, would "likely mirror those of state law."  *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676-677 (6th Cir. 2005); *Schwartz v. City of Conneaut, Ohio*, No. 1:09-CV-1222, 2009 WL 4730594, at *6 (N.D. Ohio Dec. 8, 2009).  Thus, even if an abuse of process claim could be filed under federal law, it nevertheless should be dismissed for failure to state a claim.

### E.  Plaintiffs' "Vindictive Enforcement and Vindictive Prosecution" Claim Should Be Dismissed For Failure To State A Claim.

Plaintiffs' final claim is entitled, "Vindictive Enforcement and Vindictive Prosecution." To the extent that this claim alleges a claim under Ohio law, it also should be dismissed based upon political subdivision immunity and failure to state a claim.  To state a claim for malicious civil prosecution under Ohio law, Plaintiffs must allege both a lack of probable cause and that the prior proceedings terminated in the plaintiffs' favor.  *See Munger*, 2011 WL 2930907, at *4 (citing *Robb*, 662 N.E.2d at 13).  Moreover, they must allege the "seizure of plaintiff's person or property during the course of the prior proceedings."  *Id.*  Here, given that the state court proceedings are still pending, Plaintiffs cannot allege that the prior proceedings terminated in

26

their favor or resulted in the seizure of any property.  *Id.* at *5 (dismissing malicious prosecution claim because "the Plaintiffs' property was never seized").

To the extent that this claim is based upon federal law, it also should be dismissed.  In general, a claim of "vindictive prosecution" or "vindictive enforcement" arises only if a criminal prosecution or arrest is undertaken in retaliation for the exercise of First Amendment rights.  *See, e.g., Wiley v. Oberlin Police Dept.*, 330 Fed.Appx. 524, 529 (6th Cir. 2009); *Harless v. City of Columbus*, 183 F.Supp.2d 1024, 1031 (S.D. Ohio 2002).  Here, the Complaint does not allege that they engaged in constitutionally protected speech, or that the state court action was filed in retaliation for the exercise of any First Amendment rights.  Accordingly, the vindictive enforcement/prosecution claim should be dismissed.

## V.  IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION BASED UPON THE DOCTRINE OF *COLORADO RIVER* ABSTENTION.

To the extent that the Court does not dismiss all of the Plaintiffs' claims based upon *Younger* abstention, lack of ripeness, and/or failure to state a claim, then it should, at a minimum, stay this federal court action based upon *Colorado River* abstention doctrine.  In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court held that federal courts may abstain from hearing a case if there is similar "parallel" litigation pending in state court.  *Bates v. Van Buren Twp.*, 122 Fed.Appx. 803, 806, 2004 WL 2792483 (6th Cir. 2004); *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-340 (6th Cir. 1998).  The requirements for *Colorado River* abstention is the existence of a "parallel state court proceeding" that is "substantially similar" to the federal court proceeding.  *Bates*, 122 Fed.Appx. at 806; *Romine*, 160 F.3d at 340.  If there are parallel state proceedings, then the Court must balance and weigh a number of factors to determine whether judicial economy warrants abstention.  *Bates*, 122 Fed.Appx. at 807; *Romine*, 160 F.3d at 340-341.

27

Here, while *Younger* abstention is the more appropriate abstention doctrine to apply to the pending civil enforcement action, the fact remains that *Colorado River* abstention also is applicable to this case. In *Bates*, for example, a township had filed a civil enforcement action against an adult business (Garter Belt) for violations of a township licensing ordinance regulating sexually-oriented businesses. *Id.*, 122 Fed.Appx. at 804. Garter Belt then raised a constitutional defense and removed the state court action to federal court, and filed a separate complaint in federal court to challenge the constitutionality of the licensing ordinance. *Id.* Upon review, however, the district court remanded the state court action, and dismissed the federal court action based upon *Younger* abstention. *Id.* at 805. This application of *Younger* abstention to the federal court complaint was later affirmed on appeal. *See Garter Belt, Inc. v. Van Buren Twp.*, 66 Fed.Appx. 612 (6th Cir. 2003).

While Garter Belt's appeal was pending before the Sixth Circuit, Samantha Bates, an exotic dancer, filed a separate federal action to challenge the constitutionality of the township's ordinances. *Bates*, 122 Fed.Appx. at 804. Because the township had not filed a civil enforcement action against Bates, the district court did not apply *Younger* abstention, but elected to abstain based upon *Colorado River* abstention, finding that her constitutional challenge was "clearly parallel" to the pending civil enforcement action against Garter Belt because it involved the same or similar constitutional issues. Accordingly, since the Garter Belt proceedings were "far more advanced" than the Bates proceeding, the Sixth Circuit held that the district court was correct to apply *Colorado River* abstention doctrine in that case. *Id.* at 807.

The same reasoning applies equally to this case. As in *Bates*, the state court proceeding is "clearly parallel" to the federal court proceeding because Plaintiffs can raise, and in fact have raised, constitutional challenges in the pending state court litigation. Moreover, as in *Bates*, the

28

state court proceeding is <u>substantially</u> more advanced than the federal court proceeding.  *See Bates,* 122 Fed.Appx. at 807 (holding that the primary focus in *Colorado River* abstention cases "has been on the relative progress of the state and federal proceedings") (citing cases).  Here, the state court proceeding has been pending for over 15 months and has progressed substantially beyond the initial pleading stage.  The parties have substantially completed discovery and are scheduled for trial on July 7, 2014.  Accordingly, to the extent the Court does not dismiss this case for lack of ripeness and failure to state a claim, it should stay the federal court proceedings based upon *Colorado River* abstention.  *Id.* at 809-810 (holding that a stay, not dismissal, is the proper remedy under the *Colorado River* abstention doctrine).

## CONCLUSION

For these reasons, therefore, Defendants respectfully request that the Court issue an Order dismissing the complaint and/or granting a judgment on the pleadings under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and/or 12(c).  In the alternative, Defendants request that the Court issue an Order staying all proceedings pending a final determination of the civil enforcement action filed against Plaintiffs by Summit County, *County of Summit v. Keith Heating & Cooling, Inc. and Keith Goodwin*, Case No. CV-2012-10-5959 (Summit Cty. Ct. of Common Pleas).

Respectfully submitted,

Linda Murphy (0053402)
County of Summit Executive's Office
175 S. Main Street, 8th Floor
Akron, Ohio 44308
Telephone:  (330) 643-7794
Facsimile:  (330) 643-8718
E-Mail:  lmurphy@summitoh.net

  /s/  Stephen W. Funk
Stephen W. Funk (0058506)
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
E-Mail:  sfunk@ralaw.com

ATTORNEYS FOR ALL DEFENDANTS

**CERTIFICATE OF COMPLIANCE UNDER LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum totals 29 pages in length, excluding the cover page, table of contents, table of authorities, certificates, and exhibits.  A Motion to Exceed the 20-page limitation for standard track and unassigned cases has been filed with this Court and, in compliance with Rule 7.1(f), the foregoing Memorandum includes a table of contents, table of authorities, summary of argument, and a brief statement of the issues.

 /s/  Stephen W. Funk
Stephen W. Funk (0058506)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February, 2014, a copy of the foregoing Motion to Dismiss the Complaint and for a Judgment on the Pleadings Or, In the Alternative, for a Stay Of All Proceedings, was electronically filed, with supporting Memorandum and Exhibits, via the Court's electronic filing system.  Service was accomplished upon Plaintiffs' counsel of record via the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(3).

/s/  Stephen W. Funk

30