# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

KEITH GOODWIN, et al.,                )        CASE NO.  5:14CV121
                                                         )
                                                         )
                          PLAINTIFFS,       )        JUDGE SARA LIOI
                                                         )
vs.                                                   )
                                                         )        OPINION AND ORDER
                                                         )
                                                         )
COUNTY OF SUMMIT, OHIO, et al.,   )
                                                         )
                                                         )
                          DEFENDANTS.      )

In this civil rights action, defendants,[1] seek dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and 12(c). (Doc. No. 8.) Alternatively, defendants seek a stay of the present proceedings pending resolution of a state court civil enforcement action. (*Id.*) Plaintiffs oppose the motion (Doc. No. 13), and defendants have filed a reply (Doc. No. 14). The motions are fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff Keith Heating and Cooling, Inc. ("KH&C") "is a commercial and residential heating, ventilation and air conditioning contractor" located in Tallmadge, Ohio. (Fed. Compl., Doc. No. 1, ¶ 5.) Tallmadge, Ohio is situated in Summit County.

---

[1] Plaintiffs have brought suit against the following governmental entities and individual government employees: the County of Summit, Ohio; Russell M. Pry; John M. Labriola; the Summit County, Ohio, Building Standards Department; Cynthia M. Sich; William "Bill" Miller; Summit County, Ohio, Office of Consumer Affairs; Sherri Bevan Walsh; and the Office of Summit County, Ohio, Prosecutor.

(*Id.*) Plaintiff Keith Goodwin ("Goodwin") is the president of KH&C and is a resident of Summit County. (*Id.* ¶ 4.)

On October 24, 2012, Summit County ("the County") brought a civil enforcement action against plaintiffs in the Summit County Court of Common Pleas. (State Civil Dkt., Doc. No. 8-1, at 100;[2] *see* State Compl., Doc. No. 8-2.) The state complaint provides that the County has reasonable cause to believe that plaintiffs have breached county consumer protection and building code laws, engaged in unconscionable sales practices, and breached various express and implied contracts. (State Compl. ¶ 1.)

According to the state complaint, in December 2011, the Summit County Department of Community and Economic Development, Building Standards Division, notified plaintiffs that they had only obtained 45 building permits since 1996, and that they would be required to obtain building permits for all prior work done without the proper permits and pay the 200% civil penalty under Sections 1307.02 and 1305.04 of the Summit County Building Code. (*Id.* ¶ 11.) In the years that followed, plaintiffs allegedly pulled several hundred permits for previously performed work but failed to pay the corresponding fines. (*Id.* ¶¶ 12-14.)

Between December 2012 and early 2013, a series of articles appearing in the Akron Beacon-Journal accused plaintiffs of "unconscionable consumer sales practices and unfair and deceptive consumer sales practices." (Fed. Compl. ¶¶ 32-36; *see* State Compl. ¶ 15.) The state complaint alleges that, following the publication of these articles, the Summit County Office of Consumer Affairs received over 46 consumer complaints regarding plaintiffs' sales practices. (State Compl. ¶¶ 17-18.) These complaints,

summarized in the state complaint, ranged from engaging in high pressure sales tactics and performing unauthorized furnace safety checks to misrepresenting warranty information and locking consumers into installment financing contracts without disclosing material terms and conditions.[3] (*Id.* ¶ 20; *see* ¶¶ 34-54.) The County investigated these complaints and determined that there was reasonable cause to believe that plaintiffs had violated numerous Summit County Ordinances relating to consumer sales practices. (*Id.* ¶¶ 53, 55.)

The state complaint raised four claims: unconscionable consumer sales practices, in violation of Summit County Consumer Protection Code § 759.03; unfair or deceptive consumer sales practices, in violation of Summit County Consumer Protection Code § 759.04; failure to obtain permits, in violation of Chapter 13 of the Summit County Building Code; and failure to pay penalties due, also in violation of Chapter 13 of the local building code. (*Id.*) In its prayer for relief, the County sought injunctive relief, compensatory and punitive damages, attorney's fees, costs, and license fees. (*Id.* at 117-118.) Plaintiffs filed an answer denying the allegations contained in the complaint. (State Ans., Doc. No. 8-3; *see* State Dkt. at 99.) On March 28, 2013, plaintiffs filed an amended answer in which they raised, among other defenses, the defense that the local ordinances

---

[2] All page numbers in this Opinion and Order are to the page identification number generated by CM-ECF.

[3] Specifically, the state complaint alleged that consumers complained that plaintiffs would falsely advise consumers that they were in immediate threat of carbon monoxide poisoning if they did not purchase a new furnace, and then would sell them a new furnace at a price that was substantially in excess of the going market rate for such appliances. (*Id.* ¶¶ 32, 41.) The state complaint also alleged that plaintiffs would falsely represent to consumers that they had "condemned" their furnaces (*id.* ¶ 30), would provide poor service on new or existing furnaces (*id.* ¶¶ 37, 45), and would lie about the terms of warranties and service agreements. (*Id.* ¶ 48.)

and codes under which the civil enforcement action was brought were unconstitutional. (State First Am. Ans., Doc. No. 8-5, at 148; *see* State Dkt. at 99.)

As is evident from the state court docket, the parties have engaged in extensive (and, at times, contentious) discovery and motion practice. (*See* State Dkt.) After several false starts, the state case has been set for a bench trial to take place on September 22, 2014. (Notice, Doc. No. 17, at 405.)

On January 17, 2014, *over 14 months after the County filed its state civil enforcement action*, plaintiffs filed the present action in federal court. In their federal complaint, plaintiffs allege that defendants "acted purposefully, maliciously, and with deliberate indifference" to plaintiffs' constitutional rights by instituting the state court action against them. (Fed. Compl. ¶ 1.) They insist that the County has selectively chosen to enforce the permit penalty provision in the local building code against KH&C, a non-union company, while failing to enforce the provision as to unionized heating and cooling companies. (*Id*. ¶¶ 42, 46.) They further allege that the County failed in its statutory duty to afford plaintiffs notice of the consumer complaints and an opportunity to participate in a mediation and name clearing hearing before it sought enforcement of the local ordinances and code. (*Id*. ¶¶ 27, 35, 40.)

With respect to the articles that appeared in the Akron Beacon-Journal and the resulting consumer complaints, the federal pleading alleges that defendants violated the County's "unannounced policy and practice" of not commenting on pending investigations by supplying the Akron newspaper with information for the stories. (*Id*. ¶¶ 29, 32, 34, 37.) The federal complaint charges that defendants, acting through the newspaper, actively solicited the "unfounded, unsubstantiated, meritless consumer

4

complaints" against plaintiffs. (*Id.* ¶¶ 33, 34, 37.) Plaintiffs insist that defendants' actions have caused substantial damage to KH&C's business, and "exposed KH&C and Goodwin to revocation of their business licenses by the Summit County Registration Board, and further exposed KH&C and Goodwin to debarment by the Summit County, Ohio Board of Control." (*Id.* ¶ 38.)

While it is not entirely clear, the federal complaint appears to raise claims sounding in equal protection and due process violations, unlawful taking, civil abuse of process, and vindictive enforcement and vindictive prosecution. (*Id.* ¶¶ 1, 49-60.) Plaintiffs request a declaration that the county ordinances and code provisions at issue in the underlying state action are unconstitutional and that defendants' attempt to enforce them as against plaintiffs violates their constitutional rights. (*Id.* at 28-29.) Plaintiffs also seek an injunction prohibiting the County from pursuing its 2012 civil enforcement action in state court, and request compensatory and punitive damages, attorney's fees, and costs. (*Id.* at 29.)

In their motion to dismiss, defendants argue that this Court should abstain from exercising jurisdiction in this case, pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), due to the pendency of the ongoing state civil enforcement action, and further suggest that dismissal without prejudice (and not a stay of proceedings) is the appropriate response under *Younger* because plaintiffs' claims are not ripe. Alternatively, defendants maintain that plaintiffs' federal complaint fails to state a cause of action and should be dismissed on the merits.

5

## II.  STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts"). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

In ruling on a Rule 12(b)(6) motion to dismiss, a court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletics Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (a court may consider public records

without converting a Rule 12(b)(6) motion into a Rule 56 motion, but only take judicial notice of facts which are not subject to reasonable dispute).

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) come in one of two main varieties: facial attacks and factual attacks. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A *facial* attack is an attack on a complaint itself. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a facial attack, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* "In reviewing a factual attack, however, "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction."[4] *Outokumpu*, 673 F.3d at 440 (citation omitted).

When faced with a threshold question of whether to apply *Younger* abstention, a court must first address the *Younger* issue prior to engaging in any analysis on the merits of the case. *See Tenet v. Doe*, 544 U.S. 1, 6 n.4, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005).

---

[4] Defendants also move for judgment on the pleadings. Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

### III. DISCUSSION

#### A.  *The Proper Parties to this Litigation*

Before reaching the issue of abstention, the Court must address defendants' assertion that the only defendant properly sued in this federal action is the County. Defendants argue that the various county offices are merely departments of the County and cannot, therefore, be separately sued. Defendants further note that the individual defendants have all been sued solely in their official capacity and, therefore, any action against them is really an action against the County.[5] Plaintiffs did not respond to this argument.

County offices are not entities capable of being sued. Administrative units of local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority. *Elkins v. Summit County, Ohio*, No. 5:06-CV-3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008); *Papp v. Snyder*, 81 F. Supp. 2d 852, 857 n.4 (N.D. Ohio 2000); *see Hendricks v. Office of Clermont Cnty. Sheriff*, 326 F. App'x 347, 349 (6th Cir. 2009). The claims against the Summit County, Ohio, Building Standards Department, the Summit County, Ohio, Office of Consumer Affairs, and the Office of the Summit County, Ohio, Prosecutor are therefore construed against the County only.

---

[5] The complaint is far from clear on this point. The "Introduction" makes a vague reference to the fact that "persons sued in their individual capacities acted purposefully, maliciously, and with deliberate indifference . . . ." (Fed. Compl. ¶ 1.) In contrast, the caption is clear that each individual defendant is sued in his or her "official" capacity. (*Id.* at 2.) Plaintiffs do not, however, take issue with defendants' representation that the individual defendants are sued exclusively in their official capacities.

8

Additionally, a suit against an individual in his official capacity is the equivalent of a suit against the government entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). As a result, when a civil rights complaint asserts a claim against a municipal entity and a municipal official in his or her official capacity, federal courts will dismiss the official-capacity claim. *Doe v. Claiborne Cnty., Tenn. By And Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996) (affirming district court's dismissal of official-capacity claims). The Court will do the same here and dismiss the individual defendants as they are sued solely in their official capacity.

The County, therefore, is the only proper party that can be held to answer the allegations in plaintiffs' federal complaint.

B.  **The Applicability of Younger Abstention**

In *Younger*, the Supreme Court held that a federal court should not enjoin a pending state criminal proceeding unless "the danger of irreparable loss is both great and immediate." 401 U.S. at 45; *see Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) ("*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with

pending state judicial proceedings absent extraordinary circumstances.") The Supreme Court extended *Younger* "to noncriminal judicial proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432 (citations omitted). *Younger* abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claim. *Id.*; *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). "'[S]o long as the constitutional claims of [the plaintiff] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain.'" *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 723 (6th Cir. 1993) (quoting *Middlesex*, 457 U.S. at 435).

### 1.  **Pending State Proceedings**

A proceeding that is judicial in nature "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 370-71, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) (citation and quotation marks omitted). The Sixth Circuit has held that "if a state [judicial] proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) (citation omitted).

Plaintiffs do not seriously dispute the pendency of the state civil enforcement action inasmuch as their complaint seeks to enjoin the states proceedings. (Fed. Compl. at 29.) Indeed, at the time that the present federal action was filed, the

10

County's civil enforcement action had been pending for over a year. What is more, the state matter remains pending and is scheduled for trial on September 22, 2014. The Court finds that the first criterion has been satisfied.

2. **Important State Interest**

A state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52. This interest includes the enforcement of local or municipal ordinances relating to health, safety, and welfare of its citizens. *Hoover v. City of Elyria*, No. 1:12-CV-1876, 2013 WL 395829, at *2 (N.D. Ohio Jan. 31, 2013); *Lighthouse Cmty. Church of God v. City of Southfield*, 382 F. Supp. 2d 937, 940 (E.D. Mich. 2005) ("The safety and welfare of its citizens, which the local [building] ordinances address, are . . . important state interests."); *see, e.g., Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 701 (6th Cir. 2013) (the enforcement of a municipality's zoning ordinances is an important state interest); *Garter Belt, Inc. v. Van Buren Twp.*, 66 F. App'x 612, 613 (6th Cir. 2013) (applying *Younger* to civil enforcement action filed by township to enforce local ordinances regulating adult entertainment business). Additionally, courts have recognized that there is an important state interest in protecting consumers from unfair and deceptive trade practices and in enforcing consumer protection laws. *See, e.g., Am. Consumer Publ'g Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1127 (9th Cir. 2003); *Marathon Petroleum Co., LLC v. Stumbo*, 528 F. Supp. 2d 639, 646 (E.D. Ky. 2007) (collecting cases); *see also Bluehippo Funding, LLC v. McGraw*, No. 2:07-0399, 2007 WL 6216559, at *12 (S.D. W. Va. Oct. 25, 2007) ("numerous courts have accepted the broader state interest in consumer protection as

11

qualifying for consideration under the second step in the *Younger/Middlesex* test") (citations omitted).

Nevertheless, plaintiffs appear to take aim at the *manner* in which the County seeks to vindicate these important state rights. Plaintiffs complain that "since [the] County has exercised its Ohio Constitution Section 3, Article X 'Home Rule' right to exist and function as a charter county, it has effectively taken a path of rejecting Ohio's laws passed by the General Assembly when the exercise of 'Home Rule' powers is appropriate." (Opp. Br., Doc. No. 13, at 258-9.) They insist that "[b]ecause the sovereign—the State of Ohio—has absolutely no interest determining or overseeing that [the] County's 'Home Rule' consumer affairs or building permit ordinances have been properly applied, or pose Constitutional concerns as written or as applied, the second *prima facie* prong of *Younger* abstention simply does not exist." (*Id*. at 259.)

Plaintiffs miss the point of the second *Younger* prong. The question the Court must answer when considering the second *Younger* criterion is whether important state interests are involved or implicated. *See O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) ("Under *Younger* abstention . . . a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are *involved*.") (emphasis added); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (the second *Younger* criterion requires that the state proceedings "*implicate* important state interests") (emphasis added) (citing *Middlesex*, 457 U.S. at 432). Plaintiffs' challenge to the constitutionality of the local ordinances through which the County seeks to protect these important state interests is more appropriately considered under the third prong of *Younger*. Because the civil enforcement action

12

*involves* or *implicates* important state interests, the Court finds that the second *Younger* factor is met.

### 3. **Adequate Opportunity to Raise Constitutional Claims**

The third condition for *Younger* abstention is that the state proceeding affords an adequate opportunity for a federal plaintiff to raise constitutional claims. *Fed. Express Corp.*, 925 F.2d at 970 (quoting *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims . . . ." *Moore*, 442 U.S. at 430. This Court must presume that the state courts are able to protect the interests of a federal plaintiff. *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Because abstention is based on the fundamental principle that parties should assert any available constitutional defenses in state proceedings unless barred from raising them, the Supreme Court has placed the burden of establishing the inadequacy of state proceedings on the party seeking to avoid abstention. *See Nimer*, 707 F.3d at 701; *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007); *Squire*, 469 F.3d at 556. Accordingly, to avoid abstention, plaintiffs must demonstrate that state law "*clearly bars* the interposition of the constitutional claims." *Am. Family*, 498 F.3d at 334 (emphasis in original) (quoting *Squire*, 69 F.3d at 556) (further citation and quotation marks omitted); *see Middlesex*, 457 U.S. at 432 (where pending administrative proceedings implicate important state interests, "a federal court should abstain unless *state law clearly bars* the interposition of the constitutional claims") (citation and quotation marks omitted) (emphasis added).

Plaintiffs concede, as they must, that they were able to—and did—raise the issue of the constitutionality of the underlying local ordinances and code provisions in the state court proceedings. (State First Am. Ans. at 148; *see* State Dkt. at 99.) Still, because the County is the only other party to the state action, plaintiffs complain that they cannot fully raise their constitutional issues because the remaining defendants in the federal action cannot be joined in state court. (Opp. Br. at 259.) There are several problems with this position.

First, as this Court has already determined, the County is the only properly joined defendant in the present federal action. Thus, the present federal action cannot serve to rectify the alleged deficiency plaintiffs believe they have spotted in the state action. Second, the Court has found no case authority—and plaintiffs have pointed to none—that would stand for the proposition that the adequacy of the opportunity to raise a constitutional issue depends upon against whom the issue can be asserted. Plaintiffs have not suggested that they have been limited in raising any constitutional arguments, nor have they indicated that the state court was ill equipped to fully address these concerns. Because there is nothing before this Court that would demonstrate that plaintiffs were unable to or precluded from raising their constitutional defense in state court, the third requirement is also satisfied.

4.  **Exceptions to *Younger* Abstention**

Even where all three prongs are met, evidence of "bad faith, harassment, or flagrant unconstitutionality" may still render *Younger* abstention inappropriate. *Squire*, 469 F.3d at 556 (internal citation and quotation marks omitted). Abstention is also contraindicated where there is "an extraordinarily pressing need for immediate federal

14

equitable relief[.]" *Kugler v. Helfant*, 421 U.S. 117, 125, 95 Ct. 1524, 44 L. Ed. 2d 15 (1975). Courts have generally interpreted the exceptions to *Younger* narrowly. *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)); *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (collecting cases). Plaintiffs bear the burden of demonstrating the existence of one of the exceptions to *Younger* abstention. *See Squire*, 469 F.3d at 552 (citation omitted).

The first exception applies if "the state proceeding is motivated by a desire to harass or is conducted in bad faith[.]" *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975). This exception is, however, rarely applied. In *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001), the court held that:

> Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine . . . we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases are thus exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court[.]

The Sixth Circuit has also observed that "the Supreme Court has applied the 'bad faith' exception to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc v. Vernon Twp.*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citation omitted); *see also Berger v. Cuyahoga Cnty. Bar Ass'n*, 775 F. Supp. 1096, 1100 (N.D. Ohio 1991) ("The standard for evaluating claims of bad faith and bias is difficult to meet.").

15

The narrowness of this first exception is illustrated in a case from this judicial district. In *Berger*, two attorneys alleged selective prosecution in a state disciplinary proceeding because other attorneys that engaged in similar alleged misconduct were not subject to investigation. They also claimed that one of the investigators served as opposing counsel in a case in unrelated litigation. The court found that the facts of the case did not meet the "allegations of egregious bad faith and bias[]" found in the rare cases where this exception was recognized. *Id*. at 1100. Similarly, in *Kalniz*, allegations that the state dental board initiated disciplinary proceedings against a dentist because he was in competition with a board member did not satisfy the "bad faith" exception to *Younger* abstention. 699 F. Supp. 2d at 974.

Plaintiffs maintain that the present federal case meets this exceedingly rare exception because they have alleged in their federal complaint that defendants have acted in bad faith, pursuing civil enforcement of local ordinances solely on the basis of KH&C's non-union status. Plaintiffs do not, however, allege that defendants initiated repeated prosecutions against them. In fact, the County did not immediately initiate proceedings against plaintiffs but, instead, first warned plaintiffs that they needed to pay the civil penalties for prior work performed without paying the permit fees. It was only after plaintiffs allegedly continued to pull work permits without paying the proper fees and fines that the County initiated proceedings in state court, where plaintiffs were afforded an opportunity to raise any number of defenses, including the constitutionality of the ordinances and code provisions.[6] *See Lighthouse*, 382 F. Supp. 2d at 941 (rejecting

---

[6] Additionally, given the fact that the state action is set for trial in a matter of weeks, there is no evidence that the County is unprepared or unwilling to follow through with its prosecution of this state matter.

a finding of "bad faith" where municipality first warned church of zoning violation); (State Compl. ¶ 11).

While plaintiffs' allegations of selective prosecution and improper motive on the part of defendants *may* ultimately prove sufficient to state a claim for selective prosecution in this federal action,[7] none of these allegations, even if assumed to be true, rise to the level of bad faith or harassment required for the first exception to *Younger* abstention. *See, e.g., Rucci v. Mahoning Cnty.*, No. 4:11CV873, 2011 WL 5105812, at *8 (N.D. Ohio Oct. 26, 2011) (allegations that state criminal prosecution was "retaliatory targeting and prosecutorial harassment" were insufficient to meet the "bad faith" exception); *Deters v. Davis*, Civil Action No. 3:11-02-DCR, 2011 WL 127166, at *8-9 (E.D. Ky. Jan. 14, 2011) (attorney's allegation that disciplinary board was biased did not demonstrate bad faith).

The second exception—regarding patently unconstitutional laws—is only available if the underlying state law is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (citation and quotation marks omitted). "This exception . . . appears to be even more narrow than the bad faith or harassment exception; the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Zalman*, 802 F.2d at 206 (citations omitted).

---

[7] The Court offers absolutely no opinion, at this time, as to the merits of *any* claim raised in the federal action.

Plaintiffs suggest that this even narrower exception applies because "the ordinances in play in the underlying state court proceeding" have deprived them of property rights without first affording them notice and an opportunity to be heard. (Opp. Br. at 261.) The record simply does not support this contention. The County has not imposed any sanctions against plaintiffs without first providing notice and an opportunity to contest the alleged charges in an independent judicial proceeding.

Nonetheless, plaintiffs argue that the local ordinances violate "well-settled Constitutional jurisprudence" by "vesting in one person the investigative; determiner of 'reasonable cause'; and prosecutor functions . . . ." (Opp. Br. at 261 [citation omitted].) In support, plaintiffs underscore the fact that the Summit County Consumer Affairs Office is empowered to investigate and find "reasonable grounds" to believe that unfair, deceptive, or unconscionable consumer sales practices have occurred. (*Id.* at 244 [citing Summit County Ordinance § 201.07(a)].)

Plaintiffs believe that this commingling of investigatory and prosecutorial responsibilities is flagrantly unconstitutional, citing *Burke v. Fought*, 410 N.E.2d 1255, 1258 (Ohio Ct. App. 1978) ("It is an elementary principle, even in sand-lot competition, that the umpire cannot take a turn at bat and call his own strikes and balls."). Plaintiffs' reliance on *Burke*, and cases like it, is misplaced. Under the municipal code at issue in *Burke*, the chief inspector of the city's consumer protection agency "investigates or supervises the investigation, finds probable cause, issues the cease and desist complaint, holds the hearing and rules on the admissibility and weight of the evidence, and issues a cease and desist order based on a preponderance of the evidence." 410 N.E.2d at 1258. The court found that concentration of investigative and judicial authority in one

18

government entity deprived those accused of violating consumer protection laws of due process. *Id*. at 1260. Indeed, courts routinely condemn the combination of investigatory and adjudicatory powers within the same agency. *See Wong Yang Sung v. McGrath*, 339 U.S. 33, 41, 70 S. Ct. 445, 94 L. Ed. 616 (1950) (condemning the evil of commingling in one person or agency the duties of prosecutor and judge); *Kalniz*, 699 F. Supp. 2d at 974 (collecting similar cases); *see also Burke*, 410 N.E.2d at 1259 (suggesting that such cases are "legion").

The very fact that the state action is currently pending before an impartial judicial officer, however, demonstrates that the County's ordinances do not commingle the duties of prosecutor and judge in one agency. While the County, or its various offices, may investigate consumer complaints of alleged unsavory sales practices, it is for the state judiciary to determine whether those complaints violate the law. This separation of powers, at the very least, demonstrates that the underlying local ordinances are not flagrantly unconstitutional and, accordingly, this limited exception does not apply.

The third, and final, exception to *Younger* abstention—"an extraordinarily pressing need for immediate equitable relief"—is reserved for situations where "the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims, *Gerstein v. Pugh*, 420 U.S. 103, 107-08, 95 S. Ct. 854, 860, 43 L. Ed. 2d 54 (1975), or the state judicial or administrative officers have a conflict of interest or are biased, *Gibson v. Berryhill*, 411 U.S. 564, 576-78, 93 S. Ct. 1689, 1696-97, 36 L. Ed. 2d 488 (1973)." *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997). The state proceedings here have afforded plaintiffs the opportunity to raise their constitutional

19

defense, and there is no showing or allegation that the state judiciary is biased. The third exception does not apply.

Based upon the foregoing analysis, the Court finds that it should abstain in this matter under *Younger*.[8]

5. **Dismissal or Stay of Federal Proceedings**

Having concluded that *Younger* abstention applies to the claims against defendants, the Court must now determine whether to stay the instant case or dismiss it without prejudice. "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) (citation and quotation marks omitted). "Whether the plaintiff[] seek[s] a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it." *Nimer*, 707 F.3d at 702. Where a plaintiff seeks an equitable remedy, the district court may exercise its discretion and dismiss the action without prejudice, *see Louisville Country Club v. Ky. Comm'n on Human Rights*, 221 F.3d 1335 (Table), 2001 WL 921015, at *1 (6th Cir. June 26, 2000), but where a plaintiff seeks a purely legal remedy abeyance is the appropriate course of action. *See Nimer*, 707 F.3d at 702 (citing *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)); *James v. Hampton*, 513 F. App'x 471, 478 (6th Cir. 2013) (when

---

[8] Defendants also argue that the Court should stay this matter, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), due to the existence of parallel litigation pending in state court. Because the Court believes that *Younger* abstention is appropriate, it does not reach the question of whether abstention would also be appropriate under the doctrine announced in *Colorado River*.

*Younger* abstention is appropriate, a district court must stay a complaint seeking money damages).

In *James*, the plaintiff, a former state court judge, filed a federal action challenging on-going state disciplinary proceedings instituted against him. His federal complaint sought both damages and an injunction of the state proceedings. The Sixth Circuit ruled that the district court correctly determined that the case qualified for *Younger* abstention, but erred in dismissing the case without prejudice. 513 F. App'x at 471-72. The court ruled that the district court should, instead, "'stay [the] federal lawsuit to protect against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claims in state court.'"[9] *Id*. at 476 (quoting *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998)).

As was the case in *James*, the "monetary demand [in the present federal complaint] is sufficient to warrant a stay and not dismissal in this case." *Id*. A stay "avoids the cost of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires." *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995).

6. **Alternative Motion to Dismiss on the Merits**

---

[9] In reaching this conclusion, the court also relied on, among other authorities, *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co*., 448 F.3d 910, 913-14 (6th Cir. 2006)).

Defendants have alternatively moved to dismiss plaintiffs' claims on the merits under Rule 12 of the Federal Rules of Civil Procedure. Because the Court finds that abstention is proper, it does not reach the merits of any of plaintiffs' claims. Additionally, because the anticipated findings of fact and conclusions of law that the state court judge will make in the civil enforcement proceeding may affect any argument on the merits of plaintiffs' federal claims, the Court shall dismiss defendants' alternative motion to dismiss without prejudice to refile at the conclusion of the state proceedings.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Court abstains from exercising its jurisdiction, and **STAYS** this case pending the conclusion of the state court proceedings. **IT IS FURTHER ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case, insofar as this case shall not be considered pending at this time for administrative purposes only.

**IT IS FURTHER ORDERED** that, if plaintiffs seek to reopen this case, plaintiffs shall file a notice of the conclusion of the underlying state proceedings and any appropriate motion with this Court within forty-five (45) days of the conclusion of those proceedings.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED WITHOUT PREJUDICE** and may be re-filed at an appropriate time.

**IT IS ORDERED**.

Dated: September 8, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

22