# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KEITH GOODWIN, et al., | ) | CASE NO. 5:14cv121 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COUNTY OF SUMMIT, OHIO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon two motions filed by plaintiffs. By the first motion, plaintiffs request that the Court reopen this case and accept as binding the judgment entered by a state trial court in a parallel action. (Doc. No. 20 (Motion to Reopen ["Mot. Reopen"]).) By the second motion, plaintiffs seek leave to amend their complaint. (Doc. No. 21 (Motion to Amend ["Mot. Amend"]).) Defendant has filed an omnibus opposition to both motions (Doc. No. 22 (Defendant's Opposition to Plaintiffs' Motion to Reopen and for Leave to File an Amended Complaint ["Opp'n"])), and plaintiffs have filed replies in support of each motion. (Doc. No. 23 (Reply Memorandum in Support of Motion to Reopen ["Reply Reopen"]); Doc. No. 24 (Reply Memorandum in Support of Motion to Amend ["Reply Amend"]).) Plaintiffs have also filed a supplement to their motion to reopen. (Doc. No. 25 (Supplement and Notice of Recent State Court Opinions and Final Appealable Order ["Supp."]).)

## I. BACKGROUND

On September 8, 2014, the Court issued an Opinion and Order staying this action pending resolution of a parallel state proceeding. (Doc. No. 19 (Opinion and Order ["Fed.

Op."]).) The factual background surrounding the request to stay this action was set forth in detail in that decision, and familiarity with it is presumed. Thus, a brief summary is all that is necessary to place the pending motions in context.

Plaintiff Keith Heating and Cooling, Inc. ("KH&C") "is a commercial and residential heating, ventilation and air conditioning contractor," and plaintiff Keith Goodwin ("Goodwin") is KH&C's president. (Doc. No. 1 (Federal Complaint ["Fed. Compl."]) ¶¶ 4, 5.) Between December 2011 and March 2012, a series of news articles appeared in the Akron Beacon-Journal accusing plaintiffs of performing unauthorized furnace safety checks and using scare tactics and misrepresentations to sell customers unnecessary replacement furnaces. (Doc. No. 8-2 (State Complaint ["State Compl."]) ¶ 15; Fed. Compl. ¶¶ 32-36.) After the articles ran in the local paper, defendant, Summit County, Ohio ("the County"), received numerous complaints from citizens who believed that they had been the victim of KH&C's alleged unconscionable sales practices. (State Compl. ¶¶ 17-18.)

On October 24, 2012, the County brought a civil enforcement action against plaintiffs in state court. (Doc. No. 8-1 (State Civil Docket ["State Dkt."]) at 100.)[1] The County alleged that it had reason to believe that plaintiffs had engaged in unconscionable sales practices and had failed to obtain required permits before performing work for customers. (State Compl. ¶¶ 16, 19-20.) Plaintiffs defended the state action and raised several affirmative defenses, including those challenging the constitutionality of the county ordinances and the selective nature of the County's prosecution. (Doc. No. 8-5 (State First Amended Answer) at 147-48.)

Plaintiffs also sought relief in federal court. On January 17, 2014, plaintiffs filed

---

[1] All page numbers are to the page identification number generated by the Court's electronic docketing system.

the present action, seeking to enjoin the state proceedings and requesting compensatory and punitive damages, attorney's fees, and costs. The federal complaint, like the answer in the state court, accused the County of selective prosecution and raised many of the same constitutional challenges advanced in state court.[2] (Fed. Compl. ¶¶ 23, 58-59.)

In its September 8, 2014 Opinion and Order, the Court determined that it was compelled to abstain from taking immediate action under the principles set forth in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In so ruling, the Court found that the three criteria for *Younger* abstention—the state proceedings are ongoing, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to litigate plaintiff's federal constitutional claims—were met. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

With respect to the first criterion, the Court found that "at the time that the present federal action was filed, the County's civil enforcement action had been pending for over a year. What is more, the state matter remains pending and [was] scheduled for trial on September 22, 2014." (Fed. Op. at 424-25.) As for the "important state interest," the Court determined that the state had an interest in enforcing local or municipal ordinances "relating to health, safety, and welfare of its citizens[,]" as well as "protecting consumers from unfair and deceptive trade practices and in enforcing consumer protection laws." (*Id*. at 425, collecting cases.) Finally, the Court found that the state action afforded plaintiffs the opportunity to raise their constitutional challenges; an opportunity of which plaintiffs availed themselves. (*Id*. at 427-28.) After

---

[2] In addition to the County, plaintiffs brought suit against several other governmental entities and individual government employees. In its Opinion and Order staying this matter, the Court determined that the County was the only proper party defendant. (Fed. Op. at 422-23.)

determining that none of the exceptions to *Younger* abstention applied, the Court ordered this matter stayed "pending the conclusion of the state court proceedings." (*Id.* at 436.) At the time the Court stayed this action, no discovery had taken place.

On March 17, 2015, after a bench trial that spanned from September 22, 2014 to October 6, 2014, the Summit County Court of Common Pleas entered judgment for KH&C and Goodwin, finding that the County had failed to establish its claims by a preponderance of the evidence. (Doc. No. 20-1 (State Court Opinion and Order ["St. Op."]) at 440.) In support of its judgment, the state trial court issued a thirty-seven-page Opinion and Order containing detailed findings of fact and conclusions of law. (*Id.*) It was the general assessment of the state trial court that the evidence offered at trial did not substantiate the allegations that KH&C and Goodwin had engaged in deceptive sales practices. Because the trial court determined that the County had failed to satisfy its burden of proof on its state law claims, it did not reach the constitutional challenges raised by KH&C and Goodwin. While acknowledging that KH&C and Goodwin had raised selective enforcement and improper political harassment as possible defenses, the court found that there was "no need" for it to address these concerns. (St. Op. at 475.)

Following the entry of judgment, KH&C and Goodwin filed motions for taxable costs and for sanctions, including attorney's fees. (Doc. No. 22-1 (State Court Docket) at 489.) The filing of these motions had the effect of tolling the time the County had to appeal the state trial court's judgment. *See* Ohio App. R. 4(B)(2)(e) (listing "a motion for attorneys' fees" as one of the post-judgment motions that, if timely and appropriately filed, will mean that "the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings"). On July 20, 2015, the state trial court issued an Opinion and Order granting, in part, plaintiffs'

4

motion for taxable costs and denying plaintiffs' motion for sanctions. (Doc. No. 25-2 (State Court Opinion and Order resolving post-trial motions).)

In light of the state trial court's judgment, plaintiffs now ask this Court to lift the stay and resume proceedings in the federal action. As part of this motion, plaintiffs also request that the Court accept the findings of fact and conclusions of law issued by the state court judge "as binding and conclusive for purposes of this case." (Mot. Reopen at 438.) In a related motion, plaintiffs move for leave to amend their complaint to include "preclusive facts" from the state trial court's Opinion and Order and to add "federal and state-based claims emanating from" these facts. (Mot. Amend at 478.)

## II. PLAINTIFFS' MOTION TO REOPEN

Plaintiffs' argument in support of their motion to reopen proceedings is contained in a footnote. Specifically, plaintiffs state that:

> In light of the thirty-seven page, single-spaced Memorandum Opinion and Order from the Court of Common Pleas for Summit County, Ohio, there can no longer be any credible abstention arguments under either *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), or *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). Both of those federal abstention doctrines require, at a minimum, existing, parallel, available state court proceedings.

(Mot. Reopen at 438 n.1.)

While the Court did not employ *Colorado River* abstention, it did rely on *Younger* and its progeny to stay this federal action pending completion of the state court proceedings. As one of the criterion for *Younger* abstention, the Court found the existence of ongoing state proceedings. (Fed. Op. at 424-25.) The County opposes plaintiffs' motion, relying on case law that provides that state actions remain ongoing through the appellate process. In *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir 2003), the Sixth Circuit observed that, for purposes of *Younger*

abstention, a state court proceeding "remains pending until a litigant has exhausted his state appellate remedies." (citing, among authority, *Huffman v. Pursue, Ltd*., 420 U.S. 592, 609, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975)); *see also Kish v. Mich. St. Bd. of Law Examiners*, 999 F. Supp. 958, 965-66 (E.D. Mich.1998) ("[I]t is well-settled that for *Younger* purposes, the state's 'trial-and-appeals' process is treated as a unitary system and until all appeals are exhausted, a state judicial proceeding is deemed to be pending.") (citing *New Orleans Public Serv. Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989)); *Hicks v. Miranda*, 422 U.S. 332, 350 n.18, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975) (*Younger* abstention continues through appeal to the state's highest court).

Based on this well-accepted case law, the County was correct that, at the time plaintiffs filed their motion to reopen, the state proceedings remained "ongoing" because the post-trial motions were still pending. Under Ohio law, the time to appeal from a trial court judgment is tolled while a trial court considers certain post-trial motions. *See* Ohio App. R. 4(B)(2)(e). Even when plaintiffs filed their supplement to their motion advising this Court of the state trial court's resolution of the post-trial motions, the request to reopen the federal proceedings was still premature because the time for filing an appeal had not yet expired. Under Ohio law, a litigant has thirty days from the entry of a final judgment (or thirty days from the resolution of a tolling post-trial motion) to file a notice of appeal. Ohio R. App. P. 4(A). As of the date of plaintiffs' supplement, the County still had time to file a notice of appeal.

The Court has reviewed the state court docket and has determined that the County did not file a notice of appeal within thirty days of the date of the state trial court's ruling on the

post-trial motions.[3] *See* Ohio App. R. 3(A) ("An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4".) Because the time for perfecting an appeal has now passed, the state court proceedings are no longer ongoing. *See Moldovan v. Cuyahoga Cnty. Welfare Dep't*, 496 N.E.2d 466, 467 (Ohio Ct. App. 1986) (If a party fails to file a notice of appeal within thirty days as required by Rule 4(A), the Ohio appellate court does not have jurisdiction to review the trial court's judgment). Because the time for appealing the trial court's judgment has now passed, the state court's proceedings are no longer "ongoing" and the first criterion for *Younger* abstention is no longer satisfied. Accordingly, plaintiffs' motion to reopen the proceedings in this Court is granted.

By the same motion, plaintiffs also request that this Court accept as binding the findings of fact and conclusions of law set forth in the state trial court's judgment. The Court construes this request as a motion for summary judgment in favor of plaintiffs on the claims raised in their complaint. The Full Faith and Credit Act provides that the "judicial proceedings" of any state "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage  in the Courts of such State . . . from which they are taken." 28 U.S.C. § 1738. In determining the preclusive effect a prior state court judgment has on claims raised in a subsequent federal action, a federal court must apply the res judicata doctrine of the state in which the judgment was entered. *Id*. Thus, this Court must look to Ohio's res judicata law. *Marrese v. Am Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985) (quotation marks and citations omitted); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc*., 288 F.3d 895, 904 (6th Cir. 2002) (citations omitted).

---

[3] *County of Summit v. Keith Heating & Cooling Inc*., Case No. CV-2012-10-5959 (Summit County Clerk of Courts website, http://www.cpclerk.co.summit.oh.us/PublicSite/CaseDetail.aspx, last visited February 16, 2016.)

Plaintiffs offer absolutely no argument or analysis under Ohio law as to whether and to what extent Ohio courts would afford preclusive effect to the state trial court's judgment. Further, plaintiffs fail to even suggest how the state trial court's judgment affects their federal and state claims in this Court. For example, while it is possible that the state court judgment will preclude the County from arguing in this Court that plaintiffs violated county ordinances relating to consumer sales practices, it would likely have little or no effect on plaintiffs' constitutional claims, as the state trial court did not reach these issues.

Plaintiffs also failed to address whether the state trial court complied with the Due Process Clause, "[a]n important predicate" to application of the Full Faith and Credit Act. *Gough v. Transamerica Life Ins. Co*., 781 F. Supp. 2d 498 (W.D. Ky. 2011) (quotation marks and citation omitted); *see Kremer v. Chem. Const. Corp*., 456 U.S. 461, 482, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982) ("A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment.") (footnote omitted). The Court, therefore, has no basis upon which to determine the preclusive effect the state trial court's judgment has on plaintiffs' claims raised in this forum.

At this juncture, the Court is also without the benefit of any briefing by the County on the issue of preclusion. Because plaintiffs' motion to reopen was prematurely filed, the County understandably limited its response to this threshold issue. Of course, the Court could request additional briefing from the parties. Given the fact that this federal case is still in its infancy, and discovery may be needed before the Court can resolve the question of preclusion, the Court finds that it would be more prudent to conduct a Case Management Conference with

counsel and the parties wherein the Court can establish a procedure for moving forward.[4] Additionally, plaintiffs have indicated that they intend to amend their complaint to add new allegations and claims. Consequently, any ruling now would ultimately need to be revisited to address any future claims advanced by plaintiffs.

For all of the foregoing reasons, plaintiffs' motion to accept the factual findings and conclusions of law presented in the state trial court's Opinion and Order as binding in this case is denied without prejudice.

### III. PLAINTIFFS' MOTION TO AMEND

As previously mentioned, plaintiffs have requested leave to amend their complaint to add certain unidentified fact findings and legal conclusions that are contained in the state trial court's judgment. (Mot. Amend at 478.) Without elaboration, they also seek permission to add unidentified "claims and causes of action emanating from the preclusive facts found and determined by" the state trial court. (*Id.*)

Motions to amend are analyzed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires. Leave to amend is appropriately denied under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quotation marks and citation omitted).

---

[4] At the CMC, the Court will explore with counsel and the parties the possibility of bifurcating the action to address the preclusion issue before the parties delve into the federal constitutional issues presented in plaintiffs' federal claims. Given the fact that the state court's judgment will, in all likelihood, have implications for plaintiffs' claims and the defenses the County can raise, the parties should also be prepared to discuss the possibility of an early resolution to this case.

Plaintiffs have not attached to their motion a proposed amended complaint, or otherwise identified what factual findings of the state trial court they intend to include or what additional claims they wish to add. Without this detail, the Court cannot determine whether such amendments would be futile or unduly prejudicial to the County. Even under Rule 15's liberal amendment provisions, the Court cannot, at this time, determine whether amendment would be proper. Thus, plaintiffs' motion to amend is denied with leave to file a properly supported motion at a future time, in compliance with a deadline that will be set at the CMC.

## IV.  CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to reopen proceedings (Doc. No. 20) is granted. Plaintiffs' motion to accept the findings of the state trial court (Doc. No. 20) and their motion to amend (Doc. No. 21) are denied without prejudice.

**IT IS SO ORDERED**.

Dated: February 16, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

10